HONEA *v.* THE STATE.

No. 10897.   AUGUST 7, 1935.   REHEARING DENIED SEPTEMBER 16, 1935.

*Linton S. James, Clifford M. James,* and *Charles F. Walker,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw,* and *B. D. Murphy,* contra.

HUTCHESON, Justice. Marvin Honea, Sam Daniel, and S. W. Sisk, alias W. C. Shaw, were jointly indicted for the offense of murder. Honea was placed on trial, and was convicted and sentenced to the death penalty. His motion for new trial was overruled, and he excepted.

■ The first and second special grounds of the motion for new trial complain of the admission, over timely objection, of evidence tending to show that the defendant, with others, engaged in a "hold-up" and robbery at Winder, Georgia, and a similar hold-up and robbery near the same place at a later date, each being staged in a manner similar to the one in which the present crime was committed; the objection being that the transactions had no connection with the case at bar, illustrated no issue in the case at bar, and that the testimony was prejudicial to defendant. The court made the following statement: "Gentlemen, I think perhaps I made it plain enough to the jury before that you are trying this case and the issue as made in the particular indictment that you heard read to you at the outset of this case, and that you will have out with you when you retire to the jury-room. You are not concerned with any other transaction except that, and except the issue made upon this particular indictment. The objection to this testimony relating to another transaction would be sustained and this testimony excluded from your consideration for every other purpose, except one. Under the law, this testimony is admissible as it might or not throw light on the question of identity, plan, or scheme, or motive, as applied to the particular transaction that you are now investigating. You should consider it only for that purpose. That is the only purpose for which it is admissible. It is admissible for that purpose." In *Morris* v. *State,* 177 *Ga.* 106 (169 S. E. 495), Justice Bell said: "The evidence as a whole tended to show that the persons who committed the prior robbery were the same as those who committed the robbery in the course of which the decedent was killed, and that this defendant was among the number. In *Wilson* v. *State,* 173 *Ga.* 275 (160 S.

E. 319), this court, speaking through Mr. Justice Hines, said 'Evidence of the commission of one crime is not admissible upon the trial of the defendant for another crime, where the sole purpose is to show that the defendant is guilty of such other crime. Where one is on trial charged with the commission of a crime, proof of a distinct and independent offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. To this general rule there are some exceptions; as, when the extraneous crime forms part of the res gestæ; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same offense upon the victim as that for which he stands charged; or where the proof of the extraneous crime tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged. . . In order that a collateral crime may be relevant as evidence, it must be connected with the crime under investigation as part of a general and composite transaction.' The evidence objected to tended to establish a conspiracy on the part of the defendant and his companions, embracing the general intent and purpose of committing robberies, and . . the evidence was admissible." The court did not err in admitting the testimony complained of. See also *White* v. *State,* 177 *Ga.* 115 (3) (169 S. E. 499).

The third special ground of the motion assigns error upon the admission, over objection, of the following testimony of Tom Bagwell, a witness, who had been recalled by the State: "Q. You said when you were questioned by Mr. James that once before the 19th you had loaned this gun out, either to Honea or Sisk. If so, tell us when it was? A. I did not loan it out." The witness then made statements about getting one Cantrell to keep the gun for him, and the defendant objected to this because the State "was trying to rebut its own testimony by a State's witness." There is no merit in this ground; and if there were, the testimony objected to was harmless, as no connection was shown between any such loan to Cantrell and the defendant on trial.

Ground 7 is not passed on, as there is no sufficient assignment of error for this court to consider; only a question being

shown, and nothing appearing in the assignment to show or indicate what answer, if any, was given, and an examination of the record does not disclose that the question was ever directly answered by the witness.

■ The defendant assigns error on the admission in evidence of two certain pistols, upon the theory that it was not shown that either had been used in connection with the crime for which the accused was on trial. These pistols were identified as being used in the general motive and intent of robbery, as discussed in paragraph 1 of this opinion, and the reasoning there set out, whereby certain evidence was admissible as part of a conspiracy, applies with equal force to the admissibility of the pistols. See 177 *Ga.* 107, supra.

■ Defendant assigns error upon the admission in evidence of testimony of Mrs. Albert C. Honea, mother of the accused, as follows: "It is correct that we had him committed to a reformatory in 1918. That was for stealing money from our home, from his own father and mother. That was what he was sent there for. That was not the first time he had gotten into trouble. That sort of brought to a climax the things at that period of his life. He was just a boy in his teens. I don't know that he was showing a disposition to steal then." The objection to the testimony was that "the law specifically states that the proceedings of a juvenile court are not criminal, that they are private, and can not be used against a defendant charged with crime." This same witness, on direct examination for the accused, testified as follows: "My name is Mrs. Albert C. Honea. I am the mother of this defendant. He is twenty-eight years of age. Regarding whether I have had any trouble with him, I noticed that his mind was deranged when he was about three or three and a half years of age, and as he grew older I noticed more distinctly that his mind did not develop with his body, and, from things that he would do and say, you could tell his mind was not right. For the last two years it was more noticeable; and since he has been taking treatment from the doctor, since September, he has been walking the floor at night, could not sleep, had hallucinations. If you could just see him you would know that his mind was deranged." The evidence objected to was not an offer to introduce any records of a juvenile court, but was evidently offered in connection with the plea of insanity of the defendant. This is borne out by the statement of the judge to the

jury that the testimony was admitted solely "as it might or not throw light on the question of sanity or insanity," and would not be admissible for any other purpose. The testimony of the witness on direct examination was given relatively to the sanity or insanity of the accused, and the State would have the right, under the law, to bring out on cross-examination any matters pertaining to her credibility as a witness, especially in so far as her testimony concerned such sanity or insanity.

■ The evidence unquestionably shows that the crime was committed in connection with an effort to commit a felony upon another, and that the accused killed the deceased without provocation and without any overt act on his part; and the court did not err in omitting to give in charge to the jury the law of manslaughter.

■ The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*