28143. CONROY v. THE STATE.

INGRAM, Justice. The appellant and Jerry Strong were jointly indicted by the Forsyth County Grand Jury for the murder of Robert Glenn Cagle, Sr., in the commission of an armed robbery. Another indictment charged the appellant with theft by taking of the deceased's property, and, in a separate trial from the co-indictee on both charges, appellant was found guilty by a jury of felony murder and theft by taking. The trial court, on motion of appellant's counsel, set aside the theft by taking conviction but overruled a motion for new trial in the murder case. Twelve enumerations of error are asserted by appellant for decision by this court and will be considered in this opinion.

The facts of the case may be summarized as follows: On June 22, 1972, at approximately 7:00 p.m., Robert Glenn Cagle, Sr., and Billy Sweatman, an employee, were engaged in closing the Cagle's Auto Parts Store in Cumming, Georgia, when appellant, accompanied by Jerry Strong, entered the store. Strong, with appellant at his side, displayed a pistol and told Cagle and Sweatman they wanted their money. Sweatman testified at the trial: He "told us it was a robbery, he told us to lay down on the floor." Cagle at the time had the cash box of the business and a pistol. He "jerked the money box back and he walked kindly in behind (Sweatman)," who turned and saw Strong fire his gun. Sweatman testified that he "hit the floor" when the shooting started but that he heard either appellant or Strong say, "I wouldn't have shot (Cagle) if he would have given me the money." Cagle was shot three times and his death was caused by a bullet which penetrated his heart. After taking the cash box containing $87.50 and Cagle's pistol, appellant and Strong fled from the store. They left the premises separately, with Strong leaving first, and as appellant backed out of the store, he encountered William Smith, who was about to enter the store. Smith observed appellant "with a box in his hand and a gun." Appellant

instructed Smith "to stay put," and pointed the pistol at him. Appellant then entered a blue 1968 Chevrolet convertible and fled. The police later found the automobile about a quarter of a mile away and the .38 calibre Colt pistol, which appellant had taken from Cagle in the store, was found in the automobile.

Kenneth Suttle testified for the State at appellant's trial. He related that he had escaped with Jerry Strong from a Texas prison and had shared an apartment with him in the vicinity of Forsyth County. Several days prior to the incident under investigation, Strong informed Suttle that he and appellant were planning a robbery. On the day of the shooting, appellant arrived at the apartment, met with Strong and the two of them left the apartment together around 5:30 p.m. During the next morning, Strong returned to the apartment and asked Suttle if he knew of appellant's whereabouts because they had gotten separated in leaving the Cagle store. Suttle also testified at the trial that appellant returned to the apartment that evening and told them, "We've got to leave," and the three of them moved to a motel where they stayed overnight before moving again and finally leaving the State. Suttle further testified that while the three of them were staying at the motel, appellant told him that he "got" Cagle and that he knew "Mr. Cagle was going to fire at him because Mr. Cagle telegraphed it with his eyes." The appellant, in an unsworn statement, admitted his presence during the alleged murder and theft. However, he disavowed any prior knowledge of Strong's intentions and denied that he had made any statements to Suttle and denied possessing any weapon. Suttle also testified that, prior to the robbery at Cagle's store, he observed in the apartment, shared by Suttle, Strong and appellant, a black attache case in appellant's possession which contained an automatic German 9 mm. machine gun and a sawed-off shotgun and that appellant also possessed two revolvers, "a .38 Smith & Wesson revolver," and a ".357 Magnum revolver." In addition, Suttle related that he observed a duffel bag in appellant's possession at the motel which contained "some rolled change, dimes, nickles, quarters," and some bills, and that this was after the commission of the alleged crimes. Suttle further testified that upon leaving Georgia he and Strong and the appellant traveled together to North Carolina where Strong and appellant attacked him. He testified they were traveling on an Interstate Highway when Strong drove the automobile off the highway into a wooded area where he stopped and ordered Suttle

to get out. Appellant then pointed a .38 revolver at him and the two co-indictees made him lie down with his face on the ground as Strong beat him with a tire tool while appellant held the revolver pointed at him. After administering this beating to Suttle, Strong and appellant put him back in the automobile and returned to the Atlanta area. After a few days they took Suttle back to North Carolina where he finally escaped from them and eventually made contact with law enforcement authorities. Strong and appellant were subsequently arrested and indicted and appellant's murder conviction after trial resulted in the present appeal to this court.

Enumerations of error 1, 2 and 3 all relate to the sufficiency of the evidence and enumeration No. 4 asserts a fatal variance between the allegata (murder in the commission of an armed robbery) and the probata. It is evident from a recital of the facts established at the trial that these enumerations are without merit. The appellant's association with Strong, from the planning stage, through culmination and concealment, show a calculated criminal enterprise consisting of conspiratorial armed robbery resulting in murder. The statements of appellant to the witness Suttle, who testified at the trial; the eyewitness testimony of Sweatman, the Cagle store employee; and the testimony of William Smith, the customer, together with the other evidence adduced by the State, clearly reveal appellant's guilt.

Appellant urges in enumerations of error 5 and 11 that the jury trying the case found inconsistent verdicts—that the verdict of murder in the commission of armed robbery is repugnant to the verdict of theft by taking. This court dealt with essentially the same legal problem in the recent case of *Jackson v. State*, 230 Ga. 640 (198 SE2d 666). In that case, the defendant was tried on a two-count misdemeanor indictment for carrying a pistol without a license and for carrying a concealed weapon, and was also tried on a separate indictment for armed robbery. Both indictments were the result of acts concurrent with the armed robbery. The jury acquitted the defendant of carrying a pistol without a license but convicted on the concealed weapon and armed robbery charges. On appeal, the defendant argued these were repugnant verdicts and that acquittal on the charge of carrying a pistol without a license eliminated an essential element of guilt of armed robbery. This court rejected the appellant's argument in that case stating that at most the acquittal there was a finding by the jury that the State did not

prove the appellant did not have a license to carry the pistol which the jury concluded he used in the armed robbery. The determinative factor in such cases is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge. This is the test we must use in the present case in weighing the asserted repugnancy or inconsistency of these two verdicts.

We find, upon application of the test set out above, that no repugnancy or inconsistency exists. The verdict of guilty of theft by taking did not include a finding that no offensive weapon was used by appellant. It was unnecessary for the jury to consider whether a weapon was used or not used in their consideration of the theft by taking charge, as the elements of this offense do not require such a finding. On the other hand, the jury, in reaching a verdict of guilty in the murder case, had to find the deceased was shot and killed with a gun, as no other cause of death was shown by the evidence. The appellant was not indicted for armed robbery as a separate and independent crime. Proof of it was essential only to prove the murder. The conviction of theft by taking did not eliminate any necessary element of the felony murder conviction. If appellant had been charged with the crime of armed robbery and also with murder in the commission of the armed robbery and, under these circumstances, the jury had acquitted appellant of armed robbery but convicted him of murder, these would be inconsistent or repugnant verdicts. In the present case, there was no acquittal of armed robbery by the jury nor was the conviction of theft by taking equivalent to it in legal contemplation. In any event, any question of repugnant or inconsistent verdicts in this case has been rendered impotent by the action of the trial court in setting aside the verdict of guilty of theft by taking. All that actually remains is a conviction of murder in the commission of an armed robbery and we hold the evidence fully supports that verdict. No error appears here.

Enumerations of error 6 and 7 relate to the admission in evidence, over objection at the trial, of testimony by the witness Suttle regarding the plans of the co-indictees to commit a robbery and the flight to North Carolina following the actual commission of the crime. This evidence was properly admitted for the jury to consider in determining whether there was a conspiracy between

appellant and the co-indictee Strong to commit these crimes and thereafter to conceal their perpetration of them. The admission of similar evidence has been approved by this court in other cases. See, e.g., *Pinion v. State,* 225 Ga. 36 (165 SE2d 708); and *Honea v. State,* 181 Ga. 40 (181 SE 416).

Appellant contends in enumeration of error No. 8 that it was error to admit testimony by the witness Suttle that appellant "owned a sawed-off shotgun and an automatic German 9 mm. machine gun when there was no testimony of such weapons being involved in the offense," as it placed appellant's character in evidence. The briefs of appellee argue that appellant failed to perfect his objection at trial to this testimony so as to preserve it for consideration on appeal. Admittedly, it is not clear that this enumeration of error presents any question for decision but, assuming it does, the testimony was admissible to cast light on the plan, scheme and motives of the conspirators to commit the crimes charged against them. See *Honea v. State,* supra, and *Pinion v. State,* supra.

It is also contended by appellant, in enumeration of error No. 9, that the trial court "erred in admitting over objection the bullets and fragments of bullets allegedly taken from the scene of the crime, same being error in that the State failed to show a connection of the bullets introduced and those taken from the scene." Appellant has submitted no argument or citation of authority in support of this asserted error and it has no merit. No question is presented for decision by this enumeration of error. See *Mitchell v. State,* 226 Ga. 450 (175 SE2d 545), and Rule 18 (c) (2) of this court.

Error is also assigned, in enumerations 10 and 11, on the trial court's failure to charge the jury that in the event appellant was found guilty of theft by taking involving less than $100, there could be no felony murder and also that the jury could not lawfully convict of murder and theft by taking under these two indictments based on the same facts. Finally, error is assigned, in enumeration No. 12, on the trial court's failure to charge on the lesser offense of manslaughter as an alternative to murder or acquittal in the case. These enumerations will be discussed together as they relate fundamentally to the same vigorous argument advanced by appellant in his brief supporting these enumerations. As noted earlier in this opinion, appellant was indicted for a felony murder — death caused during the commission of an armed robbery. The evidence adduced at the

trial required either a conviction or an acquittal. Manslaughter was not involved. The amount stolen, whether more or less value than $100, is of no legal consequence to proof of armed robbery resulting in death to the victim. This constitutes murder regardless of the value of the items taken. No error is shown by these enumerations.

We conclude that appellant was well represented and received a fair trial. The jury was authorized to find him guilty of murder under the evidence shown in this record. No error having been shown, the conviction and sentence in this case are hereby affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1973 — DECIDED NOVEMBER 29, 1973.

*Gaines C. Granade,* for appellant.

*C. B. Holcomb, District Attorney, B. B. Robertson, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.