130 Ga. App. 512 (1973)
203 S.E.2d 757
E. P. et al.
v.
STATE OF GEORGIA.
48711.
Court of Appeals of Georgia.
Submitted October 2, 1973.
Decided December 5, 1973.
Rehearing Denied December 20, 1973.
Randall & Turner, Bernice Turner, Jack Greenberg, Steve Ralston, Charles Williams, for appellants.
H. R. Thompson, District Attorney, for appellee.
BELL, Chief Judge.
This is an appeal by forty juveniles who were adjudged delinquent and in need of treatment and rehabilitation in that they committed the delinquent act of criminal trespass. Eighteen of the appellants were committed to the Division of Children and Youth. The twenty-two others were placed on probation and each was ordered to pay a $50 fine. Held:
1. The evidence shows that the appellants went to the office of the Washington County superintendent of schools to present certain demands. The demands were accepted by the superintendent. The group was then requested to leave the premises but they remained. The sheriff was called and upon his arrival the appellants were again requested to leave the building by the superintendent. They again declined. Their arrest and forcible ejection from the building followed. All the elements of criminal trespass required by Code Ann. § 26-1503 b (3) were shown by the evidence. The finding that each appellant committed a delinquent act was authorized.
2. There is no merit in the contention that the phrase "premises of another person" found in Code Ann. § 26-1503 b (3) does not include property owned or used for public purposes. The term "person" is defined by our criminal code as "an individual, a public or private corporation, an incorporated association, government, government agency, partnership or unincorporated association." Code Ann. § 26-401 (1).
3. The juvenile court included in the probationary disposition of each of the minors a $50 fine. There is no statutory authority authorizing a juvenile court to impose a monetary fine on a minor adjudged to be delinquent. Thus the part of each order imposing a $50 fine upon each appellant is erroneous. Mack v. State of Ga., 125 Ga. App. 639 (188 SE2d 828). The disposition in each instance is otherwise authorized by the evidence. Accordingly, the judgments below are affirmed with direction that the fine in each be deleted.
*513 Judgments affirmed with direction. Deen and Quillian, JJ., concur.