133 Ga. App. 346 (1974)
210 S.E.2d 839
P. R. et al.
v.
STATE OF GEORGIA.
49562.
Court of Appeals of Georgia.
Submitted July 1, 1974.
Decided November 18, 1974.
Joseph M. Winter, for appellants.
Kathryn Anne Workman, Solicitor, for appellee.
CLARK, Judge.
Does our Juvenile Court Code empower the court to require restitution as a condition precedent for placing the offender on probation? That is the principal problem presented by this appeal.
Two brothers, then 16 and 13 years old respectively, were ruled delinquent at a joint adjudicatory hearing of theft by taking of publications valued at $25 from a self-service store. The principal witness was a female clerk who was alone in the place when these brothers and another younger lad had walked out of the establishment without paying for paperback books and magazines which she testified had been hidden inside their shirts. Although she had not seen the actual purloining her accusation was based upon a bulge in their shirts and a *347 glimpse of books. Being fearful of physical harm if she immediately accused them she permitted their departure and then notified the police. When the youngsters were shortly thereafter returned to the store she identified them as the culprits. No merchandise was found on them nor were the missing publications discovered during a neighborhood search. Although both brothers denied the charge they were ruled guilty, the judge regarding the circumstantial evidence as sufficient. Thereafter, at a joint dispositional hearing both appellants were sentenced to twelve months probation on condition that each pay $7.50 as restitution to the merchant whose goods were filched.
1. Our 1971 Juvenile Court Code resulted from extensive work by the Delinquent Offender and Juvenile Court Law Study Commission whose members are correctly described in the foreword to Title 24A of the Annotated Code as being "highly intellectual and practical persons." Their work product was substantially adopted by the General Assembly. This salutary statute begins with a statement of the construction and purpose of the Juvenile Court Code. The specific legislative directive is that "This Code shall be liberally construed to the end that children whose well-being is threatened shall be assisted and protected and restored, if possible, as secure law-abiding members of society..." Code Ann. § 24A-101. "The objective that a child having been subjected to the juvenile process be treated or rehabilitated and returned to society to lead a useful life is ... fundamental to the entire Code." Clark, The New Juvenile Court Code of Georgia, 7 Ga. S. B. Jour. 409, 416.
Probation rather than penalization is one of the statutory methods provided for in § 24A-2302. There it is provided that if the result of the adjudicatory hearing is a determination that the child is found to be in need of treatment or rehabilitation, the court as one of the alternatives "best suited to his treatment, rehabilitation, and welfare" may order "(b) Placing the child on probation under the supervision of the probation officer of the court or the court of another state as provided in Section 24A-3003, or any public agency authorized by law to receive and provide care for the child, ... under *348 conditions and limitations the court prescribes." (Emphasis supplied.)
In discussing the emphasized Codal words counsel for the appellee has expressed views which we adopt as being applicable to this appeal:
"Certainly these `conditions and limitations' must include the right to order restitution. This right is inherent in the power of the court, in what is, in effect, the burden upon the court, to make such disposition of a delinquent child as is `best suited to his treatment, rehabilitation, and welfare,' Ga. Code Ann. Section 24A-2302.
"The paramount duty imposed upon the Juvenile Court both philosophically and statutorily is that of rehabilitating and treating the delinquent child so as to act in his own best interest and for his protection. It is incumbent upon the Juvenile Court to make the child before it aware that he has committed a wrongful act and to teach him why that act is wrongful and to restore him, if possible, as a secure and law-abiding member of society.
"It is impossible to attain this rehabilitation of the child unless the Juvenile Court has varied and liberal options available to it to reach the child. The purpose of the Juvenile Court Code, as stated in Ga. Code Ann. Section 24A-101, is to `assist, protect, and restore' a child, and therein is specific statutory intent that the Code shall be liberally construed to that end.
"In cases like the one at hand in which a child's wrongful act has occasioned some loss to befall another party, it is both therapeutic and rehabilitative to require the child to make such restitution as he is able to do. Restitution is beneficial both to the child and to his victim.
"The avenues for disposition of a delinquent child which the Juvenile Court has open to it are not unlimited. At present the Juvenile Court basically may place such a child on probation or may commit the child to the Division of Children and Youth for placement in one of the Youth Development Centers.
"There may be many instances in which the Juvenile Court would deem that the placing of a child on probation with the condition that restitution be made by *349 the child is sufficient for the treatment and rehabilitation of the child and that such a probation obviates the need to commit the child to the State for treatment..."
These eloquent expressions establish that both the power and necessity to require restitution as a condition for probation exist under our Juvenile Court Code.
2. Capable counsel for appellants contend that the effect of our ruling in E. P. v. State of Ga., 130 Ga. App. 512 (203 SE2d 757) prevents a Juvenile Court from insisting upon restitution. There we held that "There is no statutory authority authorizing a Juvenile Court to impose a monetary fine on a minor adjudged to be delinquent." Appellants' contention would equate a fine with restitution. This would be erroneous because a fine is penal in nature with payment to the government and with no relationship to the offense. Whereas restitution is rehabilitative in nature, is related directly to the offense, and goes to the party who has been deprived of property. Restitution is indemnification rather than forfeiture.
Appellants' able attorney also argues that absence in the Juvenile Code of any provision similar to that in Code Ann. § 27-2711 indicates "there can be no determination of a sum certain where either the juvenile contests the amount alleged in the petition, or the fact that the evidence is wholly inconclusive as to the amount." (Brief for appellants, p. 12). This reference is to the directive numbered (7) in that section. It is located in the code of criminal procedure dealing with adult offenders and has no relationship to the juvenile courts whose powers are delineated in the Juvenile Court Code. See Code Ann. § 27-2717. Nevertheless, the procedure which the judge followed here in making careful inquiry as to the computation of the loss achieves the principle of having a judicial determination as to the amount of the loss or damage.
Because of our court's ruling in E. P. v. State of Ga., supra, prohibiting imposition of a fine it is obvious that the restitution computation must not be such as to permit an aggrieved individual to profit out of a sad situation. The evidence here indicates the loss to the aggrieved *350 party to be approximately $25. Restitution totaling $15 is within the limits of the evidence and is in the nature of a judicial determination of the amount.
3. Our review of the transcript has led us to the conclusion that the juvenile court judge did not err in failing to grant a motion to dismiss as there was competent evidence in the record that appellants had committed the alleged offense even though the pilfered publications were not found by the police.
Judgment affirmed. Bell, C. J., and Quillian, J., concur.