## 50488. WILLIAMSON v. THE STATE.

DEEN, Presiding Judge.

Criminal trespass under Code Ann. § 26-1503 (b) (1) involves an entry upon the "land or premises" of another "for an unlawful purpose." Burglary under Code Ann. § 26-1601 involves an entry into a dwelling house or other building "with the intent to commit a felony or theft." Burglary is a felony; criminal trespass is a misdemeanor. Burglary might be called a house crime; that is, it involves the criminal necessarily placing himself within some building or other structure named in the statute. Criminal trespass is in contrast a location crime and its purpose is to keep the defendant off the property of others. As pointed out in *Deich v. Reeves,* 203 Ga. 596, 599 (48 SE2d 373) the term "premises" has varying meanings, but it is inclusive enough generally to mean land and the buildings thereon. Further, an intent to commit a felony or theft is always an unlawful purpose. Unlawful entry onto school property may constitute criminal trespass. *E. P. v. State of Ga.,* 130 Ga. App. 512 (2) (203 SE2d 757). Such entry for the purpose of stealing is comprehended within Code Ann. § 26-1503 (b)(1) in that it is an entry on premises without authorization for an unlawful purpose. Where the intent to steal is proved the crime then merges with or is included within Code Ann. § 26-1601. Code Ann. § 26-505; *Roberts v. State,* 228 Ga. 298 (185 SE2d 385).

The state's evidence showed that the defendant was apprehended with some school property in his hands, and other portables already gathered up in the hallway by the door. This amounts to asportation sufficient to establish the completed crime of larceny. *Johnson v. State,* 9 Ga. App. 409 (71 SE 507); *Stanley v. State,* 97 Ga. App. 828 (104 SE2d 591). However, the defendant swore that this testimony was untrue and claimed he and his companion had entered the building to escape from some pursuers. The jury is entitled to believe a part of the testimony of a witness and disbelieve other parts. It might have believed the defendant entered for an unlawful purpose other than commission of a felony or theft. It was therefore error to fail to charge on the lesser included crime of trespass.

*Judgment reversed. Evans and Stolz, JJ., concur.*

SUBMITTED APRIL 9, 1975 — DECIDED APRIL 18, 1975.

*John T. Chason, K. Reid Berglund,* for appellant.

*Lewis R. Slaton, District Attorney, Robert A. Weathers, Carole E. Wall, Joseph J. Drolet, Assistant District Attorneys,* for appellee.