## 56366. STEWART v. THE STATE.

BANKE, Judge.

The defendant was indicted for kidnapping with bodily injury, two counts of rape, and one count of criminal attempt to commit aggravated sodomy. The jury acquitted him of the attempted aggravated sodomy charge but found him guilty on the other three counts. He appeals the denial of his motion for new trial.

The victim testified that the defendant abducted her around midnight on March 30, 1977, while she was a passenger in his taxicab. According to her account she was raped twice and beaten repeatedly during the early morning hours of March 31. She finally fell unconscious and awoke at around dawn in a thicket on the outskirts of town. After obtaining help at a nearby home, she was hospitalized for the following month and a half for her injuries. A physician testified that his examination of March 31 disclosed "a lot of dirt and debris covering the penineum (sic)" and that "her vaginal extremities were extremely tender." He further stated, "Both of these would be consistent with rape."

The victim stated that she knew the defendant from having ridden in his cab previously. The defendant admitted that this was the case. He also admitted that he had picked up the victim as a passenger on the night in question. However, he denied kidnapping, raping or attempting to sodomize her, testifying that he dropped her off at a nightclub in town soon after he picked her up and then played cards at the cab company office until about 5:30 a.m. that morning. This testimony was consistent with the cab company dispatcher's logs showing that the defendant's cab was not answering calls during the time the crimes were being committed. The other participants in the alleged card game did not testify.
*Held:*

1. The evidence amply supported the verdicts. "[The Supreme Court] has consistently held that only the fact of commission of the crime of rape must be corroborated by other evidence and that corroborating identification evidence is not necessary." *Clemmons v. State,* 233 Ga. 187, 188 (210 SE2d 657) (1974).

2. The defendant's contention that the acquittal on the aggravated sodomy count is inconsistent with his convictions on the other counts in the indictment is meritless. The determinative factor in judging whether jury findings are inconsistent "is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge." *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973). There must be an "irreconcilable conflict" in the verdicts to warrant reversal. *Jackson v. State,* 230 Ga. 640, 641 (198 SE2d 666) (1973).

We find no conflict in the verdicts. Although the victim's testimony that the defendant pushed her face against his penis would have supported a conviction for attempted aggravated sodomy, it did not demand it. The jury may well have believed all of her testimony and still have determined that the defendant never intended to force her to engage in oral sex against her will or that, if he did, he abandoned his effort to do so. See generally Code Ann. §§ 26-1003, 26-2002.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED
OCTOBER 16, 1978.

*Walker Chandler,* for appellant.
*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.