## 62341, 62342. JONES v. THE STATE (two cases).

BANKE, Judge.

In case no. 62341, the defendant appeals his conviction for aggravated sodomy. Case no. 62342, a *pro se* appeal from the same conviction, is unaccompanied by brief or enumeration of error, and is consequently deemed abandoned.

The defendant was indicted for rape as well as aggravated sodomy but was acquitted of that charge. His primary contention on appeal is that this acquittal is inconsistent with his conviction of aggravated sodomy.

The victim testified that she was forced to submit to oral and anal sodomy as well as vaginal intercourse. Her testimony was corroborated by the testimony of witnesses who described her emotional state after the incident, as well as by medical testimony. The defendant testified that he had normal consensual intercourse with the victim and denied that sodomy took place. *Held:*

The acquittal on the rape count is not inconsistent with the conviction of aggravated sodomy. "The determinative factor in judging whether jury findings are inconsistent 'is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge.' *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973). There must be an 'irreconcilable conflict' in the verdicts to warrant reversal. *Jackson v. State,* 230 Ga. 640, 641 (198 SE2d 666) (1973)." *Stewart v. State,* 147 Ga. App. 547, 548 (249 SE2d 351) (1978). The jury could logically have found from the evidence that the victim consented to vaginal intercourse, or could have entertained doubt that she was forced, while being satisfied that she did not consent to sodomy. " 'A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration.' *Sappington v. Bell,* 115 Ga. 856 (42 SE 233) (1902). The rule applies to criminal as well as civil cases. [Cits.]" *Frazier v. State,* 152 Ga. App. 743 (264 SE2d 35) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1981.

*Sharon A. Shade,* for appellant (case no. 62341).
Michael A. Jones, *pro se* (case no. 62342).
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret*

*V. Lines, Thomas W. Hayes, Assistant District Attorneys,* for appellee.