41002. BUXTON v. THE STATE.
(317 SE2d 538)

GREGORY, Justice.

The appellant, Riley Buxton, was indicted in Jeff Davis County during the March Term 1983, for the murder of Jimmy Williams. Following a trial by jury, the appellant was found guilty of murder and sentenced to life imprisonment. He appeals the denial of his motion for a new trial. We affirm.

1. In his first enumeration of error appellant contends the evidence is insufficient to sustain his conviction. The evidence produced at trial authorized the jury to find that during the early evening hours

of April 8, 1983, the appellant, along with George Hill, Bill Hall, and Johnny Vann drove to a liquor store on the county line and purchased two fifths of whiskey. The men proceeded from the liquor store to the home of Henry Jones at which point Bill Hall entered the residence. The appellant and the other two men then drove to a local pool hall known as "The Juke" where they began drinking and shooting pool. About an hour later, Jimmy Williams, the deceased, came into the pool hall. About 8:30 p.m., Williams asked Hill if he would give him a ride back to town, whereupon Hill, the appellant and Williams left the pool hall.

Hill decided en route to town that he would stop at the home of Henry Jones. Upon arriving at the Jones residence, Hill got out and went inside leaving the appellant and Williams alone in the truck. While Hill was inside, the appellant exited the truck, pulled out his brown handled Frontier pocketknife and stabbed Jimmy Williams several times. A few minutes later, Jones' daughter and a companion pulled into the yard. By the light of the headlights they saw Williams on the ground at the rear of the truck. The appellant was leaning over him, but as soon as the car lights hit him he walked to the other side of the truck next to the garden. The occupants of the residence were summoned. After seeing that Williams appeared to be bleeding heavily, the sheriff and an ambulance were called. Jones' wife, Mary, asked Williams who had done that to him, and he pointed to appellant.

Sheriff's deputies arrived at the scene at approximately 10:00 p.m. The victim was observed to have sustained stab wounds to the abdomen and left arm. The victim was transported to the county hospital, then to Savannah where he was pronounced dead. The autopsy revealed the cause of death was a stab wound to the abdomen. The appellant was arrested at the scene. While incarcerated that evening, the appellant bragged to a cellmate, "they can't prove I killed him because they can't find the knife." Although discovery of the knife was obviously not necessary to a conviction, the next morning Jones' daughter discovered a brown handled Frontier pocketknife in the garden. The knife was later determined to be the murder weapon.

Georgia Bureau of Investigation agent Kent Wilson interviewed appellant at 3:00 p.m. the next day. The appellant was advised of his constitutional rights and signed a waiver certificate. The appellant then gave Wilson a statement admitting that he had stabbed the deceased in the abdomen region after an argument. He admitted that he had not seen a knife in Williams' hand, but stated he stabbed him, "because he didn't want to take any chances." At trial, appellant testified he did not stab Jimmy Williams nor did he have his pocketknife with him that day.

When viewed in the light most favorable to the verdict, this evi-

dence was sufficient to enable a rational fact finder to find the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Appellant's first enumeration of error is without merit.

2. In his second enumeration of error appellant contends the trial court erred in allowing Agent Wilson to testify concerning statements made by the appellant during his interrogation. Appellant contends the statements should not have been admitted into evidence because they were not furnished to him after a timely request as required by OCGA § 17-7-210. A review of the record reveals appellants oral statement was reduced to writing by Agent Wilson and furnished to defense counsel on June 20, 1983, well within the statutory period. The agent's trial testimony did not go beyond the scope of the statement supplied to the defense. We find no merit in this enumeration of error.

3. In his next enumeration, appellant complains the court erred in denying his motion for a mistrial, made after a state's witness testified on cross-examination that the appellant was arrested for public drunkenness. Appellant contends this testimony improperly placed his character into evidence.

From a review of the trial transcript, it appears the complained of answer was elicited by defense counsel's questions to the witness. Following the answer, curative instructions were given by the court. Trial counsel may not take chances in propounding questions which may elicit damaging answers and then demand a mistrial on the basis of the answer. *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984). Furthermore, the decision of whether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470 (285 SE2d 508) (1981). Under these circumstances we find no abuse of discretion. The trial court did not err in denying appellant's motion for a mistrial.

4. In his fourth enumeration of error appellant contends the court improperly denied his motion to dismiss based on the alleged denial of a speedy trial. Appellant's contention is that four special terms of court were convened and adjourned after he made a demand for a speedy trial, therefore he should have been discharged pursuant to OCGA § 17-7-171. We disagree.

The appellant was arrested on April 9, 1983. He was indicted during the March 1983 term of court in Jeff Davis County. There are three regular terms of court in that county — March, September and October. OCGA § 15-6-3 (a) (7) (D). Appellant made a demand for trial during the March term and was tried during the September term. OCGA § 17-7-171 (b) provides in relevant part "if more than two *regular* terms of court are convened and adjourned after the term

at which the demand is filed and the defendant is not given a trial, then he shall be absolutely discharged and acquitted of the offense charged in the indictment . . ." (Emphasis supplied.) Clearly this statute refers to regular terms of court, not special terms. Appellant was tried well within this statutory period.

Appellant also contends his constitutional right to a speedy trial was violated. In Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) the U. S. Supreme Court set out four major factors to consider in determining whether a defendant has been denied his constitutional right to a speedy trial. These are the length of the delay, the reason for the delay, the defendant's assertion of his right and prejudice to the defendant. See *Haisman v. State*, 242 Ga. 896 (2) (252 SE2d 397) (1979). Applying these factors to the case sub judice, we find the length of delay was slightly in excess of six months. Compare *Simpson v. State*, 150 Ga. App. 814 (258 SE2d 634) (1979). The primary reason for the delay was that two key prosecution witnesses were unavailable when the case was initially scheduled for trial. The appellant did not assert his right to a speedy trial until two months after he was indicted. As to the last factor, appellant contends he was prejudiced because two witnesses, Dr. Bruce Murdock and Henry Jones, were unavailable at the time of trial. However, appellant concedes these witnesses were not subpoenaed until three days prior to the actual trial, and the record reflects no motion for continuance or other effort was made to secure the presence of the two witnesses.

Thus, we have balanced each of the four factors as required by Barker v. Wingo, supra, and find the length of delay was not unreasonable, there was a legitimate reason for the delay, the appellant contributed to the delay and appellant was not prejudiced by the delay. Therefore, the trial judge correctly ruled defendant was not denied his right to a speedy trial.

5. In appellant's last enumeration of error, he contends the trial court erred in refusing to charge the jury on voluntary and involuntary manslaughter. The record reflects that appellant's trial counsel did not file written requests to charge on these lesser included offenses. In *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976), this court established rules governing the charging of lesser included offenses and held that absent a written request, it is not error to refuse to so charge.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 1984.

*J. Laddie Boatright*, for appellant.
*Glenn Thomas, Jr., District Attorney, Jerry W. Caldwell,*

*Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., for appellee.*