42089. HINES v. THE STATE.
(329 SE2d 479)

MARSHALL, Presiding Justice.

Robert Earl Hines appeals from his conviction of malice murder and his sentence of life imprisonment.

1. Absent written requests, it was not error to refuse to charge on the lesser included offenses of voluntary and involuntary manslaughter. *Buxton v. State,* 253 Ga. 137, 140 (5) (317 SE2d 538) (1984), citing *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

2. Evidence was adduced at the trial as follows. The appellant had dated Louise Brown Johnson, the sister of victim Alfonzo Brown, for approximately 15 months. She had sought to terminate the relationship due to several aggressive physical encounters toward her by the appellant, who had stated that he could kill her. Sometime after 1:30 a.m. on March 22, 1984 — after Ms. Johnson had returned to her apartment having spent the earlier evening hours with a friend, James Miller — her brother, Alfonzo, who was very intoxicated, knocked on her front door. When she let him in, the appellant, who was with him, came in also, insisting on talking with her. She refused to talk with him, and, at Alfonzo's instruction, she went into her bedroom and closed the door. The appellant and the victim both fell asleep, whereupon Ms. Johnson carried the telephone into the bathroom and called Mr. Miller. The appellant broke into the bathroom, jealously demanding to know who was on the telephone, threw the 'phone down, and picked up an extension 'phone elsewhere in an effort to find out. When the appellant saw Louise trying to awaken her brother, he went into the kitchen, got a knife out of a drawer, and

began stabbing Alfonzo, resulting in his death from 18 wounds, approximately six of which were to the victim's back area. Mr. Miller testified that, over the telephone, he heard Louise state, "No, please don't do that, please don't hurt my brother." Neither Louise nor Alfonzo was armed. Louise, who was also cut during the appellant's attack on Alfonzo, lay on the floor feigning death while the appellant went to the kitchen for water and paper towels to clean up the blood. The appellant then kicked Louise, who moved, revealing that she was still alive, whereupon he said, "No, you ain't, bitch, you ain't dead yet, but you're going to die." Subsequently, he attempted to have sex with her, forced her to commit oral sodomy, urinated on her, and refused to let her telephone for help. When she was finally able, via the telephone, to get the appellant's brother to come over, the appellant allowed him to summon medical assistance, but insisted that he not call the police. Louise testified that she could not have escaped from the appellant in the physical condition in which the appellant had left her.

The appellant argues that the trial resolved into a "swearing contest" between Louise and himself, and that the verdict of guilty of murder is inconsistent with the verdicts of not guilty of the charges of aggravated assault and aggravated sodomy against Louise, because proof of all of the charges depended upon the credibility of Louise as a witness. "The jury is entitled to believe a part of the testimony of a witness and disbelieve other parts." *Williamson v. State*, 134 Ga. App. 583 (215 SE2d 518) (1975). "The determinative factor in judging whether jury findings are inconsistent 'is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge.' *Conroy v. State*, 231 Ga. 472, 475 (202 SE2d 398) (1973). There must be an 'irreconcilable conflict' in the verdicts to warrant reversal. *Jackson v. State*, 230 Ga. 640, 641 (198 SE2d 666) (1973)." *Stewart v. State*, 147 Ga. App. 547, 548 (2) (249 SE2d 351) (1978). The verdicts here were not in irreconcilable conflict, since the jury logically could have found that the state did prove the murder of Alfonzo Brown beyond all reasonable doubt, but did not prove the aggravated assault and aggravated sodomy of Louise Johnson.

We find that the evidence here was sufficient to meet the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

HILL, Chief Justice, concurring.

I concur in the judgment of affirmance. I would abolish our inconsistent verdict rule in criminal cases. See *Dunn v. United States*, 284 U. S. 390, 393-394 (52 SC 189, 76 LE 356) (1932); *United States*

*v. Powell*, 469 U. S. (105 SC 471, 83 LE2d 461) (1984).

DECIDED MAY 10, 1985 —
REHEARING DENIED MAY 28, 1985.

Brimberry, Kaplan, MacDougald & Revell, Jerry W. Brimberry, for appellant.
Hobart M. Hind, District Attorney, John W. Hogg, L. Earl Jones, Assistant District Attorneys, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Senior Attorney, for appellee.