77402. LAYSON v. THE STATE.
(374 SE2d 556)

</div>

DEEN, Presiding Judge.

    Appellant Layson and a male companion, one Brand (not a party to the instant appeal, but like Layson a convicted felon), accompanied Layson's "girl friend," Cheryl Fincher, to the house where Ms. Fincher's seventeen-year-old daughter, Cherie, was "staying" with a young man, Bobby Coach. They drove there in an automobile borrowed from a female friend of Ms. Fincher, who was spending a few days at Ms. Fincher's house while recuperating from influenza.

    Upon arrival at Coach's house, Ms. Fincher attempted to persuade her daughter to return home with her and had succeeded in getting her as far as the front porch when a scuffle broke out among Coach, Brand, appellant Layson, and another male occupant of Coach's house, and firearms were brandished. Cherie was shot in the head, and her mother and Brand carried her to the borrowed car while Layson held a gun on Coach and informed the latter that he was a GBI agent. According to testimony, Layson initially held the gun at Coach's neck, but gradually moved the weapon down his body and then shot Coach in the knee. Cherie was taken to the hospital, where she died of blood loss and swelling of the brain tissue. A neighbor placed a tourniquet on Coach's leg, and he was subsequently treated.

    Officers investigating the incident found blood on Coach's front porch and in the borrowed automobile. The car's owner testified that there had been no blood present before the car was borrowed. Analysis of wipings taken from the hands of the dead girl showed that she had not fired a gun. There was other evidence, as well, indicating that events occurred as outlined, supra. Brand and Layson were appre-

hended and charged with murder and possession of a firearm by a convicted felon, and Layson was also charged with aggravated assault. They were tried jointly, and Brand was convicted on both charges, while Layson was found guilty of aggravated assault and possession of a firearm by a convicted felon. After filing an appeal with this court, Layson filed an extraordinary motion for new trial based on the alleged discovery that Ms. Cheryl Fincher had been granted immunity in return for testifying at trial.

This court ordered the case remanded to the trial court pending a ruling on the extraordinary motion. The trial court made findings of fact and conclusions of law and denied Layson's motion on the grounds that Ms. Fincher had not been granted immunity; that, moreover, her testimony had been favorable rather than unfavorable to Layson and his co-defendant (she insisted that the shootings — especially that of her daughter — had been accidental); and that, further, the prosecution's decision not to charge Ms. Fincher with any crime was not a material factor which would require granting a new trial to Layson or Brand. Layson has now appealed the order denying the extraordinary motion for new trial and his convictions, as well. He enumerates as error the sufficiency of the evidence, the denial of his motion for severance, the denial of the right to speedy trial, and the alleged failure to disclose that a material witness had been granted immunity. *Held*:

1. Our scrutiny of the transcript of the extraordinary motion for new trial and the remainder of the record reveals clearly that sufficient competent evidence was adduced at trial to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt both of aggravated assault and of possession of a firearm by a convicted felon. In addition to other evidence, testimony placed Layson at the crime scene at the appropriate time, and police officers found in his room a pistol of the same caliber as that which wounded Coach. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This enumeration has no merit.

2. Examination of the record reveals that, although defense counsel had mentioned in a bench conference that he planned to move for severance of the defendants and/or the charges, no such motion was ever formally made. Moreover, in the fact situation of the instant case, the criteria for granting severance, as set forth in *Stevens v. State*, 165 Ga. App. 814, 817 (302 SE2d 724) (1983), would not have mandated severance. This enumeration, too, is without merit.

3. The record indicates that approximately thirteen months elapsed between Layson's arrest and his trial. The factors which Georgia law requires this court to consider in determining whether an appellant has unfairly been denied a speedy trial include (1) the length of the delay, (2) the reasons for the delay, (3) whether the ac-

cused asserted his right to speedy trial, and (4) whether or not the delay had a prejudicial effect. *Buxton v. State*, 253 Ga. 137 (317 SE2d 538) (1984). The record in the instant case reveals that Layson never demanded a speedy trial and did not move for acquittal on the basis of lack of speedy trial. The record further indicates that, while the trial was initially delayed by the necessity of redrawing a faulty indictment, a delay of more than four months occurred because defense counsel twice requested postponement because of his own ill health. Moreover, appellant has not contended or demonstrated that his defense suffered any prejudice resulting from the delay in the case's actually coming to trial. See *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). This enumeration also lacks merit.

4. Examination of the record reveals that Ms. Fincher was never offered, promised, or granted immunity from prosecution as contemplated by OCGA § 24-9-28 (a). The trial court therefore properly denied the extraordinary motion for new trial, and this enumeration, too, is without merit.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 3, 1988 —
REHEARING DENIED OCTOBER 17, 1988

*Philip L. Ruppert*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.