*Antonia L. Thomas,* for Lasonde.

## S92A1160. DAVIS v. THE STATE.
(424 SE2d 628)

SEARS-COLLINS, Justice.

Roshel Davis was tried and convicted for the September 11, 1990, armed robbery of the Martin Theatre in Cordele, Georgia, and the murder of Robert Whitson, the theatre manager.[1] Davis had been fired by the victim from his part-time position as a janitor at the theatre on August 29, 1990.

1. Davis contends that there was insufficient evidence to support the jury's verdict. Considering the evidence in the light most favorable to the verdict, we find that the evidence was sufficient to permit a rational trier of fact to find Davis guilty of malice murder and armed robbery beyond a reasonable doubt.[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Davis also contends that the trial court erred in denying his motion for a mistrial. When cross-examining an agent of the Georgia Bureau of Investigation who had questioned Davis before he was arrested, defense counsel asked whether, in the course of the interview, the agent had discovered that Davis had been fired from jobs before. After the agent answered that he had, defense counsel asked, "Yet he had never killed anybody because he was fired before?" The agent responded, "I don't know." Defense counsel then asked, "Well, to your knowledge?" and the agent responded, "Well, he's killed Robert

---

[1] Davis was indicted on November 12, 1990, by the Crisp County Grand Jury. He was tried March 4 through 6, 1991, and sentenced on April 22, 1991, to life imprisonment for murder and 20 years for armed robbery, to serve consecutively. Davis filed a motion for new trial on April 3, 1991. The transcript was certified by the court reporter on April 24, 1991. The trial court denied the motion for new trial on May 1, 1992, and Davis filed his notice of appeal on May 29, 1992. The appeal was docketed in this court on June 23, 1992, and submitted without oral argument on August 7, 1992.

[2] The evidence produced at trial authorized the jury to find that on the day of the murder, Davis went to the theatre between 2:30 and 2:45 p.m., and shortly thereafter was seen arguing with the victim behind the theatre, holding the victim down on the ground, and then dragging the victim through the back door of the theatre. At around 3:30 p.m. that same day, Davis was seen counting a stack of money, and later in the afternoon Davis gave a friend around $300, mostly in one-dollar bills, to hold for him. Police discovered over $400 in one-dollar bills missing from the victim's office at the theatre, and Davis' fingerprints were found on another employee's paycheck in the victim's office. The coroner testified that the victim died as the result of blows to his head and neck, which made patterns consistent with the bottom edge of an adjustable wrench. A large adjustable wrench used at the theatre for maintenance was discovered missing after the murder.

Whitson." Davis then moved for a mistrial.

"[T]he decision of whether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion." *Buxton v. State*, 253 Ga. 137, 139 (3) (317 SE2d 538) (1984). Immediately following the nonresponsive answer in this case, the trial court gave curative instructions, telling the jury that "[t]he response of the witness was improper," and that the members of the jury should disabuse their minds of the statement and not consider it. We find no abuse of discretion in the trial court's denial of a mistrial.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Hunstein, JJ., concur.*

DECIDED JANUARY 15, 1993 —
RECONSIDERATION DENIED FEBRUARY 5, 1993.

*John W. Sherrer, Jr.,* for appellant.

*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellee.