### 52678. WHITE v. SEABOARD COAST LINE RAILROAD COMPANY.

Webb, Judge.

The jury returned a verdict in favor of defendants Seaboard Coast Line Railroad Company and C. B. Thompson in this action brought by Arlene White for redress for personal injuries and property damage allegedly resulting from a collision of White's automobile and Seaboard's train at the Evangelistic Church crossing near Axson. Upon publishing the verdict, White's counsel asked that the jury be polled. The trial judge stated to the jury that he would ask each, "Is this your verdict . . . and did you arrive at this verdict freely and voluntarily of

your own accord. In other words, is this your individual verdict? Stand and I'll ask is this your verdict?"

Each juror stood, stated his or her name, and to the question "Is this your verdict?" answered "Yes, it is," except for one, Paul Tyre, Jr. He responded first, "I voted unanimously with the rest of them." There followed this colloquy: "The Court: Is this your verdict? Juror:[1] Answer yes. Mr. Tyre: Yes, sir. The Court: Now is there anything you want to say. I'm asking you is this your verdict — the verdict that the Court read. Mr. Tyre: Can I speak for myself? The Court: You can't speak for nobody but yourself. Mr. Tyre: I went along with the rest of them. The Court: All right, now answer my question, yes or no, Mr. Juror now. You heard the verdict I read. Is this your verdict? Did you vote for this verdict your individual self? Mr. Tyre: No, sir. The Court: All right, what did you vote for then? This is not your verdict? Mr. Tyre: No, sir. The Court: All right, this Juror answers this is not his verdict. Do you want to voir dire this Juror at this time? Mr. Helms:[2] No, sir. The Court: All right. Do you want to voir dire this Juror? Mr. Larry Pedrick:[3] What's that? The Court: This Juror says that this is not his verdict, as I understand it. Mr. Pedrick: Sir? The Court: This Juror says that this is not his verdict, Mr. Pedrick. Now, you may want to question him. I'll let you question him at this time as to what he may mean by that. Mr. Pedrick: I can question him? The Court: Certainly you can question him. Mr. Pedrick: Well, I would like to know just what — you never gave any indication to the others that you were voting for the verdict? Mr. Tyre: I voted with the rest of them on everything but one particular point. I agreed with everything but the right-of-way wasn't clear — very clear to see the crossing. Mr. Pedrick: What was it that you disagreed with? Mr. Tyre: The right-of-way wasn't clear enough for the vision of the people that crossed it. Mr. Helms: If it please the Court, now I'm going to object to his interrogating the Juror. I don't think he has a right to

---

[1]Another juror.
[2]Counsel for White.
[3]Counsel for Seaboard and Thompson.

do that. The Court: Yes, we do. We're trying to find out — there's some confusion in what this Juror means. In one occasion he says that he voted with the majority and then I understood him to say that it was not his verdict. He's kinda said two different things and that's the only reason I'm questioning him, because the Court don't really understand. Do you understand the instructions of the Court that you have to have a unanimous verdict. In other words, all twelve of you must vote, and your verdict, as I read is: 'We, the Jury find in favor of the Defendants.' Did you vote for that verdict. Mr. Tyre: I did."

After completion of the poll, the trial judge then said, "Ladies and Gentlemen that terminates this case and you are now discharged from the case and we thank you very much for your service."

Thereupon, before the jury left the courtroom, Mr. Helms, White's counsel, stated, "If it please the Court at this time I would like to move for a mistrial." After the jurors had been handed their checks and left the courtroom, counsel for White then said "I would like to move for a mistrial on the grounds that this Juror clearly stated that that was not his verdict, and in the end there when he finally said he voted for that verdict he did not say he did it freely and voluntarily. And, I think in order for it to be a legal verdict since he, without qualification, stated that it was not his verdict, it would be necessary that he retract that and say that he voted for it freely and voluntarily and that it was his verdict then and it is his verdict now. Therefore, I respectfully move the Court to declare a mistrial."

The court below remarked that the motion was not timely, and overruled the motion. White appeals from the overruling of his motion for new trial, and enumerates fourteen alleged errors for this court to consider. The first four relate to the circumstances of the verdict as hereinabove detailed.

1. There is no uniformity in, nor statutory authority for, polling a jury; and although it is a material right derived from common law, in a civil case it is not an absolute right to which a party is entitled, but a matter that rests within the discretion of the trial judge. *Rutland v. Hathorn,* 36 Ga. 380 (4) (1867); *Bell v. Hutchins,* 86 Ga.

562 (2) (12 SE 974) (1890); *Peavey v. Crawford,* 192 Ga. 371, 373 (15 SE2d 418) (1941). In *Black v. Thornton,* 31 Ga. 641, 661 (1860) it was held that the better question in polling would be "Is that, or is it not, your verdict?"

In *Campbell & Jones v. Murray,* 62 Ga. 86, 87 (7) (1878) the court approved the question "Did you consent to that verdict, and do you now consent?" and further held that a verdict must be set aside where a juror, on being polled in the courtroom, states that he agreed to the verdict in the jury room but does not think it exactly right, the court stating: "When one or more of the jurors cannot face the parties and the public with the finding, there should be further deliberation." And where a party has been given the privilege of polling the jury in a civil case, he may do so "in the manner authorized by law, but he is not authorized to propound other questions to the jury." *Taylor v. Taylor,* 195 Ga. 711, 720 (9) (25 SE2d 506) (1943).

"[I]t is the right of the parties, that each juror should agree to the verdict — *without this it is no verdict.* Not only so, but it is their right to *know* that each juryman had agreed upon the verdict. The only question is, how is it to be ascertained that the jury have agreed? I reply, it is the duty of the Court to see to it, that each juror agrees to the verdict, and it is within his discretion [in civil cases; for a poll of the jury can be demanded as a matter of right in criminal cases] to adopt such means as the law and usage of the courts allow, to ascertain that fact." *Smith v. Mitchell,* 6 Ga. 458, 465 (1) (1849); *National Upholstery Co. v. Padgett,* 111 Ga. App. 842, 847 (7) (143 SE2d 494) (1965).

Here the juror had answered that he voted unanimously with the other jurors, and answered affirmatively to the question "Is this your verdict?" Subsequently he said the verdict was not his, that he voted with the other jurors on everything but one particular point — "The right-of-way wasn't clear enough for the vision of the people that crossed it." When this juror answered "No" to the question "Did you vote for this verdict your individual self?" and that it was not his verdict, then there was no verdict, and the jurors should have been returned to the jury room for further

deliberation. No motion by the parties was necessary — this should have been done by the court on its own motion. There having been no legal verdict, there could be no valid judgment. White's counsel was not required to "voir dire" juror Tyre further, he already having answered that it was not his verdict.

2. White urges that "the trial court erred in refusing to allow evidence of other accidents at the subject crossing." To her first witness, White asked, "Have you known of any other collisions to take place there?" The court sustained defendants' objections. No evidence had been offered about the physical conditions around the crossing, and nothing was offered to the court to make this question an exception to the rule that other occurrences are inadmissible. "Ordinarily, in an action based on negligence, similar acts or omissions on other and different occasions is not admissible." *Flowers v. Slash Pine &c. Corp.,* 122 Ga. App. 254 (3) (176 SE2d 542) (1970); *Bazemore v. Powell,* 54 Ga. App. 444, 445 (188 SE 282) (1936). *Wright v. Dilbeck,* 122 Ga. App. 214 (4) (176 SE2d 715) (1970), cited by appellant, is inapposite here, and there is no merit in this ground.

3. Mrs. White excepted to the trial court's charge, "If you should find that . . . Mrs. White by the exercise of ordinary care could have avoided the effects of any negligence of the defendants, if they were negligent, then Mrs. White would not be entitled to recover." She urges that this charge was incomplete and misleading, was very prejudicial to her and was not authorized by the evidence.

The quoted charge is substantially in terms of Code § 105-603 and that found in *Mitchell v. Gay,* 111 Ga. App. 867, 869 (1) (143 SE2d 568) (1965). There this Court said: "It has been held that a charge on the avoidance doctrine in the language of the Code section is a complete and correct principle of law, though it does not specifically instruct the jury that the plaintiff's duty to use ordinary care to avoid the consequences of defendant's negligence does not arise until that negligence is apparent or the circumstances are such that a reasonably prudent person would apprehend defendant's negligence. [Cits.] If the plaintiff desired further amplification on the point of law charged, she should have submitted an appropriate

written request for additional instructions."

This ground of the motion for new trial shows no error.

4. The trial court charged, over the exception of Mrs. White, "I charge you that the law of Georgia requires that every motor vehicle, when operated upon a highway, shall be equipped with brakes adequate to control the movement of, and to stop and hold such vehicle."

This is a correct statement from Code Ann. § 68-1715, but the issue of adequate brakes was made by neither the pleadings nor the evidence, and it was error to give this charge. *White v. Hammond,* 129 Ga. App. 408, 412 (3) (199 SE2d 809) (1973). This error is not likely to recur on a new trial.

5. The charge requested by Mrs. White, "I charge you further that one who operates a locomotive engine, or drives a motor vehicle, at such speed that he cannot bring same to a stop within the distances dictated by the voice of ordinary care, does not have immediate or proper control of the conveyance, whatever be its nature," which is a correct principle of law from *Atlantic C. L. R. Co. v. Grimes,* 99 Ga. App. 774, 781 (3) (109 SE2d 890) (1959), was adequately and substantially covered by the charge in fact given by the trial judge. There was no error in the court's failure to give the charge as requested.

6. There is no merit in the remaining enumerations of error, or they are not such that are likely to occur again on a retrial.

For the reasons hereinabove stated appellant's motion for a new trial should have been granted.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 15, 1976 — DECIDED SEPTEMBER 28, 1976 — REHEARING DENIED OCTOBER 13, 1976 — ▮▮▮▮▮▮▮▮

*Jack J. Helms, Berrien L. Sutton,* for appellant.

*Bennett, Pedrick & Bennett, Larry E. Pedrick, Wilson G. Pedrick,* for appellee.