60986. MARTIN v. THE STATE.

CARLEY, Judge.

This case makes its second appearance before this court. Appellant's original conviction of aggravated assault and rape was reversed in *Martin v. State,* 151 Ga. App. 9 (258 SE2d 711) (1979). Upon retrial, appellant was again convicted of rape but found not guilty of aggravated assault. Appellant brings the instant appeal from his conviction of rape.

1. In his first enumeration of error appellant contends that the trial court "erred in not granting Appellant's motion to be allowed to conduct independent tests and comparisons on the sperm samples and grease sample held by the state when the state refused to conduct said tests and comparisons." This contention has already been found to be without merit. *Martin v. State,* 151 Ga. App. 9, 13 (6), supra.

2. Appellant argues that the facts of this case require a finding that "the alleged offense of aggravated assault became merged and was included in the superior crime of rape," thereby necessitating a correlative finding that the state should not have been permitted to try appellant on both charges. Again, this issue has already been decided adversely to appellant. *Martin v. State,* 151 Ga. App. 9 (1), supra.

3. In his third and fourth enumerations of error appellant attacks the verdict of the jury finding him guilty of rape, contending that the jury could not have properly found him guilty of rape and not guilty of aggravated assault.

The test as to whether verdicts are inconsistent has been stated as follows: "The determinative factor in such cases is whether the acquittal of one charge *necessarily includes* a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge." (Emphasis supplied.) *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973). Applying this standard to the facts of the case at bar, we find that the jury's verdict of guilty on the rape charge is not inconsistent with its verdict of not guilty on the charge of aggravated assault. Even assuming that the jury found that appellant did *not* assault the victim with a tire jack, as had been alleged by the state, this finding in no way *necessarily* precluded the jury from finding each and every fact necessary to a verdict of guilty on the charge of rape. Appellant's third and fourth enumerations are consequently without merit.

4. In his final enumeration of error appellant complains that the trial court's charge on corroborating evidence as required under former Code Ann. § 26-2001 misled the jury into believing that the state was not required to prove appellant's guilt beyond a reasonable doubt. The portion of the charge to which appellant objects reads as follows: "It is for the jury to determine whether the [testimony of the] female alleged to have been raped . . . has been so corroborated or not. It's not necessary that the corroborating evidence, if any, should be *of itself* sufficient to show the defendant guilty beyond a reasonable doubt from all of the evidence, that is of the female alleged to have been raped and the corroborating evidence, if any, all taken together." (Emphasis supplied.)

While the portion of the trial court's charge excerpted above cannot be deemed a model of clarity, we do not believe that it was so likely to confuse or mislead the jury concerning the state's burden of proof in this case that a new trial is required. Prior to the giving of the section of the charge challenged by appellant, the jurors were fully and adequately instructed as to the "beyond a reasonable doubt" standard to be applied in the instant case in the following language: "Before you would be authorized to convict the defendant there must be other evidence independent of [the testimony of the prosecutrix] sufficient to connect the accused with the offense charged and *all of the evidence taken together must convince your minds beyond a reasonable doubt of the guilt of the accused.*" (Emphasis supplied.) Thus, viewing the charge *as a whole,* we find that any error which may

be ascribed to the trial court's language concerning corroborative evidence is, at most, harmless. See *Bryant v. State,* 229 Ga. 60 (3) (189 SE2d 435) (1972); *Avery v. State,* 141 Ga. App. 92 (4) (232 SE2d 618) (1977).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED FEBRUARY 2, 1981 —

*Richard D. Phillips,* for appellant.

*Dupont K. Cheney, District Attorney, Kenneth R. Carswell, Assistant District Attorney,* for appellee.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*