73283. SCRUGGS v. THE STATE.
(351 SE2d 256)

POPE, Judge.

Willie Lee Scruggs brings this appeal from his convictions of rape and sodomy. *Held:*

1. Appellant's first enumeration of error challenges the unanimity of the jury's verdict. The record discloses that the first juror polled following the announcement of the verdict responded that the verdict returned in this case was not her verdict. However, at the end of the poll, this juror raised her hand and stated that she had not under-

stood the questions originally propounded to her by the court. She then affirmed that the verdict was her verdict and that she freely and voluntarily entered into it. These circumstances provide no basis for rejection of the verdict. Compare *White v. Seaboard C. L. R. Co.*, 139 Ga. App. 833 (1) (229 SE2d 775) (1976); *Ponder v. State*, 11 Ga. App. 60 (74 SE 715) (1912).

The next juror stated that her verdict was free and voluntary, "but in my heart I really had some doubts." The trial court explained: "Well, you could have some doubts and still — in other words, there is nothing in the law that says beyond all doubt. It was what was referred to in the Charge as reasonable doubt. So if that is your verdict . . . JUROR BEARD: Yes." Another juror also indicated that she had some doubts, but that her verdict was freely and voluntarily entered into and was still her verdict. We find no error in the trial court's efforts to clarify and elaborate on its questions during the poll of the jury in this case. See *Hudson v. State*, 157 Ga. App. 71 (3) (276 SE2d 122) (1981). Furthermore, these jurors clearly agreed to the verdict, "and even reluctant agreement is sufficient. [Cit.] The [S]tate must remove reasonable doubts from the jurors' minds; it is not required to erase *every* question. The record reveals nothing to show that the twelve jurors did not unanimously find the [appellant] guilty beyond a reasonable doubt." *Watts v. State*, 142 Ga. App. 857, 858 (237 SE2d 231) (1977). These circumstances disclose no error in the trial court's receiving the verdict. See *Young v. State*, 239 Ga. 53 (6) (236 SE2d 1), cert. den., 434 U. S. 1002, reh. den., 434 U. S. 1051 (1977); *Wallace v. State*, 134 Ga. App. 708 (8) (215 SE2d 703) (1975). The holding in *United States v. Edwards*, 469 F2d 1362 (II) (5th Cir. 1972), does not require a different result.

2. The trial court did not err in denying appellant's motion for mistrial made at the conclusion of the poll of the jury and premised upon the alleged lack of unanimity cited in Division 1, supra. *Walker v. State*, 159 Ga. App. 50 (1) (282 SE2d 697) (1981).

3. Appellant's third enumeration asserts as error two allegedly inconsistent findings resulting from the same facts. However, the Supreme Court's abolition of the inconsistent verdict rule in criminal cases renders this enumeration nugatory. *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). In any event, under the facts in this case we find no inconsistency in appellant's conviction of rape and his acquittal of aggravated sodomy but conviction of the lesser included offense of sodomy. See *Jones v. State*, 159 Ga. App. 472 (283 SE2d 691) (1981); *Martin v. State*, 157 Ga. App. 304 (3) (277 SE2d 300), cert. den., 454 U. S. 833 (1981).

4. Appellant's final enumeration of error challenges his 20-year sentence for sodomy on the ground that it violates the constitutional proscription against cruel and unusual punishment. The sentence im-

posed is within the statutory limit. OCGA § 16-6-2 (b). Therefore, it is not unconstitutionally cruel and unusual, and this court is not empowered to modify it. *Sherrell v. State*, 170 Ga. App. 798 (1) (318 SE2d 221) (1984); accord *Hoard v. Dutton*, 360 F2d 673 (2) (5th Cir.), cert. den., 385 U. S. 881, reh. den., 385 U. S. 943 (1966). "Any question as to the excessiveness of a sentence, which in this case was in the legal limits, should be addressed to the appropriate sentence review panel." (Citations and punctuation omitted.) *Doby v. State*, 173 Ga. App. 348, 350 (326 SE2d 506) (1985).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 25, 1986.

*Vernon J. Neely*, for appellant.

*Sam B. Sibley, Jr.*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, for appellee.