## 77076. WALKER v. THE STATE.
### (374 SE2d 357)

BENHAM, Judge.

Appellant was convicted of aggravated assault. His appeal challenges the sufficiency of the evidence and the unanimity of the jury's verdict. Finding no error, we affirm the judgment.

1. At trial, the victim testified that he had stopped to get some cold drinks and cigarettes at a gas station his family owned, when he saw appellant nearby. The victim called appellant over to his truck to ask him about settling his account with the store, and appellant responded that he had made an agreement with the victim's father to pay a little each month to clear the account. The victim then went into the store. When he came out, he mentioned something else about the debt, whereupon appellant came over to the victim's truck, pulled a knife out of his pocket, and tried to stab the victim in the back. When the victim attempted to restrain his attacker, appellant stabbed him at "the edge of the heart and the artery that goes into the heart." The victim further testified that he had not threatened appellant in any way, nor had he been armed with any type of weapon at the time of the incident. Appellant testified to the effect that the victim came at him, they started fighting, and appellant stabbed him during the fight in an attempt to defend himself. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant committed an act of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Perez v. State*, 182 Ga. App. 628 (1) (356 SE2d 706) (1987).

2. The jury was polled as to its verdict. When one juror was asked, "Was that your verdict, ma'am?" she initially responded, "No." She then said, "That was my verdict, but it was not from my heart." When the trial court asked her what she meant, she said that she knew appellant cut the victim "but it was a reason." The court asked whether it was a reason that was justified under the law, and the juror said, "No. It's not justified." The court then asked, "Well, is it your verdict or is it not your verdict?" to which the juror replied, "It's my verdict." The trial court asked the juror whether anyone had threatened or coerced her, and she said no. When she was asked whether she had reached the verdict freely and voluntarily, she again

said yes. After the trial court completed its poll of the jury, it came back to the juror in question and again asked her the three jury poll questions, and she replied affirmatively to each of them. After the poll of the jury was completed, the trial court began the sentencing hearing for appellant. At that point appellant's counsel moved for a mistrial based on the juror's responses to the jury poll, as previously described. Appellant now contends that the trial court erred in failing to return the jury to the jury room for further deliberations and in failing to grant his motion for a mistrial. We find no such errors.

Appellant did not make the proper motion to have the trial court return the jury to its room for additional deliberation. " ' "(T)he proper motion would have been that the verdict be not received and the jury be directed to retire to their room for further deliberation on the case." ' [Cit.] Thus, it was incumbent upon appellant's counsel to move for further deliberations, and, absent such a request, the trial court was not required to order such deliberations." *Jackson v. State*, 184 Ga. App. 123 (361 SE2d 14) (1987). Appellant's reliance on *White v. Seaboard C. L. R. Co.*, 139 Ga. App. 833 (1) (229 SE2d 775) (1976), is misplaced. In *White*, this court held that it was unnecessary for either party to move that the jurors be sent back for further deliberations in light of a juror's statement that the verdict was not his. However, it was clear from the facts in *White* that the juror did not vote in agreement with the others on one of the issues required to reach the verdict, and so there was no legal verdict. Id. at 836. In appellant's case, the juror stated that because appellant had no legal justification for his actions, she agreed with the verdict and it was indeed hers. There was no indication that she did not find appellant guilty beyond a reasonable doubt. See *Scruggs v. State*, 181 Ga. App. 55 (1) (351 SE2d 256) (1986).

For the reasons stated above, we find no error in the trial court's denial of appellant's motion for mistrial based on the jurors' alleged lack of unanimity of verdict. *Scruggs*, Division 2.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1988.

*Hugh J. McCullough*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., David C. Walker, Assistant District Attorneys*, for appellee.