A90A0498. CHESTER v. THE STATE.
(395 SE2d 4)

Deen, Presiding Judge.

Jamie Lee Chester was convicted of violating the Georgia Controlled Substances Act (sale of cocaine). The evidence showed that a confidential informant arranged a meeting between Chester's co-indictee, Hopkins, and an undercover GBI agent who wanted to buy cocaine. Chester delivered the drugs to Hopkins' residence and was present when the sale was made.

1. Appellant first contends that prosecutorial misconduct occurred when the assistant district attorney informed the court that "no deal" was reached between Hopkins and the State when, in fact, the State had agreed to offer Hopkins immunity from prosecution in exchange for his testimony against Chester.

During the trial, appellant's counsel repeatedly made an issue of Hopkins' being a participant in the sale, but not being on trial with appellant for the crime. In her objection to severance, counsel claimed that Hopkins was an essential witness in the case, that he was not listed on the State's witness list, and that she had no way of contacting him. Later, she moved for a continuance so that Hopkins could be subpoenaed. The court indicated that it would be inclined to grant the motion if Hopkins were not available to testify the next day. The State then mentioned that the court should keep in mind Hopkins' Fifth Amendment right not to testify. Prior to the evening recess the prosecution indicated that it had no further evidence, but the evi-

dence was not closed. The court asked that defense counsel's subpoena be served on Hopkins before court reconvened in the morning. Hopkins appeared the next morning and was called as a witness by the State.

After Hopkins was sworn as a witness and stated that he had not previously met with the prosecutor, the district attorney offered him limited immunity (his testimony at Chester's trial would not be held against him in a future proceeding). Defense counsel did not want the limited use immunity to be placed before the jury. The trial court felt that immunity should be placed before the jury and overruled the objection. Hopkins testified that he and appellant sold cocaine to the GBI agent.

The record fails to set forth any evidence of prosecutorial misconduct.

2. The trial court did not err in denying appellant's motion to reveal the identity of the confidential informant who accompanied the GBI agent to Hopkins' residence. He did not participate in the transaction.

The informant's identity was sought pursuant to a *Brady* motion, which was denied after the court heard argument shortly prior to trial. The court held that mere presence at the scene of the transaction was not sufficient to require disclosure of his identity, there was no showing that the witness would provide exculpatory information so as to require the State to reveal his identity, and the defendant's identity would be established by other testimony.

We find no error under *Thornton v. State*, 238 Ga. 160 (231 SE2d 729) (1977), as alleged by appellant, because the trial court correctly balanced the public interest in protecting the flow of information against Chester's right to prepare his defense. The sole reason given for need of the informant's identity was to impeach his credibility because the person counsel believed to be the informant "has two prior convictions for giving a false name to an officer and one conviction for violation of the Georgia Controlled Substances Act." Appellant was therefore not seeking to elicit any favorable testimony from him. As the informant was not a co-defendant or a witness, his prior criminal record was irrelevant. The trial court correctly found that appellant had not made an adequate showing of need for disclosure of the informant's identity.

3. The morning after the evidence was closed the court charged the jury, and it deliberated most of that day. The following morning it returned a verdict with the word "participation" in parentheses under the words "of selling cocaine." The court informed the jury that the verdict was not in proper form and that it should return to the jury room and provide the court with a verdict in proper form. Appellant contends that the court erred in instructing the jury before

they again retired to deliberate that whether he was "guilty by virtue of being a party to the crime or by being involved in it in whatever fashion, and that is the question the court needs to have answered."

The sentence of which appellant complains has been taken out of context. The court, in its earlier charge, charged on mere presence and parties to a crime. In the recharge in question, the court again explained that the basic question was whether the defendant was guilty or not guilty of the crime of selling cocaine by being a party to the crime and that there is no crime called "selling cocaine by participation." When that portion of the charge to which appellant objects is taken in context with the entire charge, it was not erroneous or confusing. *Bowles v. State*, 168 Ga. App. 763, 765 (310 SE2d 250) (1983).

4. There is no evidence to support appellant's contention that the jury verdict was not freely and voluntarily reached. After the jury had deliberated for several hours, the court inquired as to its progress and gave an *Allen* charge. By the time for the evening recess, the jury informed the court that it was split 8-3, one undecided. Defendant's motion for a mistrial was denied because the court felt that the undecided juror needed to reach a decision. The next morning the jury returned its first verdict, which was not accepted by the court. After the second verdict was presented to the court, the jury was polled and a juror stated that he had some difficulty with it and that, while he voluntarily reached the verdict, he still believed that the defendant was a participant. The court reminded him of the earlier charge on the State's burden of proof and that the word "participate" was not used in the jury instructions "except perhaps in relation to parties to a crime," and asked the juror if he had reached the verdict in the jury room based on these instructions and if he agreed to the verdict. The juror stated that he was still having difficulty with the verdict. The jury retired again, and a verdict was reached. When the jury was polled all jurors stated that it was their verdict and that it was freely and voluntarily given.

We find no error. Appellant's reliance upon *Thornton v. State*, 145 Ga. App. 793, 795 (245 SE2d 22) (1978), is misplaced. The jury in the instant case did not claim to be deadlocked or otherwise unable to reach a verdict, but rather one juror seemed to have difficulty in understanding the court's instructions. The jury was allowed to deliberate at its own speed. After the verdict in correct form was returned, a poll of the jurors indicated that it was arrived at freely and voluntarily. *Scruggs v. State*, 181 Ga. App. 55 (351 SE2d 256) (1986).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I fully concur in Divisions, 1, 3 and 4. I also agree that no error

was committed by the court's refusing to identify the confidential informant. But no application of the balancing test was necessary. Defense counsel admitted that they knew who the informant was and had even obtained his criminal record. The co-defendant referred to him by name, "Bobby." There was no unknown or questionable identity for the State to be compelled to disclose.

DECIDED MAY 3, 1990 —
REHEARING DENIED MAY 29, 1990 — 

*Chandelle T. Summer*, for appellant.
*C. Andrew Fuller*, District Attorney, *W. M. Brownell, Jr.*, Assistant District Attorney, for appellee.