Willie Lee **SCRUGGS,**
Petitioner–Appellee,

v.

Doug **WILLIAMS,** Warden,
Respondent–Appellant.

No. 89–8251.

United States Court of Appeals,
Eleventh Circuit.

June 22, 1990.

Paula K. Smith, Asst. Atty. Gen., William Hill, Deputy Atty. Gen., Susan Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant.

Michael M. Worth, University of Georgia Law School, Prisoner Legal Counseling Project, Athens, Ga., for petitioner-appellee.

Before VANCE * and ANDERSON, Circuit Judges, and LYNNE **, Senior District Judge.

ANDERSON, Circuit Judge:

Willie Lee Scruggs brought this habeas corpus action to set aside his state conviction for rape and sodomy. Scruggs contended that the jury had not unanimously found him guilty beyond a reasonable doubt, as evidenced by a poll of the jury taken in court after the verdict was announced. Scruggs also argued that the trial judge coerced jurors into giving their assent during the jury poll. The district court agreed with both contentions and held that Scruggs had been denied due process, citing *United States v. Edwards*, 469 F.2d 1362 (5th Cir.1972) and *United States v. Sexton*, 456 F.2d 961 (5th Cir. 1972). The state now appeals. We conclude that *Edwards* and *Sexton* interpret federal rules of procedure and do not set constitutional standards for due process.

---

* Judge Robert S. Vance was a member of the panel which heard oral argument but due to his death on December 16, 1989, did not participate in this decision. This case is decided by a quorum. *See* 28 U.S.C. § 46(d).

** Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

Applying the fourteenth amendment's requirement of fundamental fairness, we find that no juror was coerced, and that Scruggs failed to carry his burden of proving that he was not found guilty beyond a reasonable doubt. Accordingly, we reverse.

## I. BACKGROUND

Scruggs was indicted in Richmond County, Georgia of rape and aggravated sodomy. A two-day jury trial was held. The state presented testimony from the complaining witness, her attending physician, a forensic scientist, a Sheriff's investigator, and a polygraph examiner who had interviewed Scruggs. The defense called Scruggs and another witness, contending that no rape had occurred because the complainant had consented. After counsel made their closing arguments, the court instructed the jury. In particular, the court gave a lengthy instruction concerning the state's burden to prove every material allegation "to a moral and reasonable certainty and beyond a reasonable doubt." [1] The jury deliberated for two hours and forty minutes before finding Scruggs guilty of rape and guilty of sodomy.

After the verdict was read, the court polled the jury on behalf of the defendant. The first juror initially denied having joined the verdict:

THE COURT: Call the jurors' names, please. When your name is called I will ask you a couple of questions.

THE CLERK: Julia B. Leverett.

THE COURT: Was that your verdict?

JUROR LEVERETT: Beg your pardon.

THE COURT: Was that your verdict that the jury returned in this case?

JUROR LEVERETT: No sir.

THE COURT: That was not your verdict?

JUROR LEVERETT: No sir.

THE COURT: All right. Call the next juror.

The second juror indicated that she had doubts about her vote:

THE CLERK: Lillie Bell Beard.

THE COURT: Was that your verdict?

JUROR BEARD: It was my verdict, but I had some doubts.

THE COURT: Was it your verdict or not?

JUROR BEARD: I voted yes.

THE COURT: Was it freely and voluntarily entered into by you?

JUROR BEARD: It was free and voluntary, but I still had some doubts.

THE COURT: In other words, you're saying that was not your verdict?

JUROR BEARD: Well, I went by the evidence, but I'm not sure, you know.

1. The court's complete instructions on reasonable doubt are set forth below:

Now, Members of the Jury, the defendant enters into the trial of this case with a presumption of innocence in his favor, and that presumption remains with him throughout the trial of the case until his guilt is established by the evidence beyond a reasonable doubt. The burden is upon the State to prove every material allegation in the bill of indictment against the defendant to a moral and reasonable certainty and beyond a reasonable doubt.

I Charge you a reasonable doubt is a doubt of a fair minded, impartial juror, who is honestly and diligently seeking the truth. It is not a fanciful, arbitrary, or capricious doubt, but is such a doubt that arises from the evidence, or the want of evidence, or from a conflict of the evidence.

If, after considering all the evidence, facts, and circumstances of the case, your minds are wavering, unsettled and unsatisfied, it would be your duty to give the defendant the benefit of that doubt and acquit him. If you do not entertain such a doubt as that, and you believe beyond a reasonable doubt that he is guilty as charged, it would be your duty to find him guilty. A moral and reasonable certainty is all that can be expected in a legal investigation. The true question in all criminal cases is not whether it be possible that the conclusion to which the evidence points may be false, but is whether the evidence is sufficient to, and does, satisfy your minds and consciences to a moral and reasonable certainty and beyond a reasonable doubt that the defendant is guilty as charged.

. . . . .

The lack of consent on the part of the female is an essential element of the crime of rape, and the burden is on the State to show a lack of consent on the part of the alleged female victim beyond a reasonable doubt; and if the State fails to prove such beyond a reasonable doubt, then you should acquit the defendant.

Transcript 160–161, 167.

The only thing I could go by was the evidence, but I'm not sure if the evidence was right. But, I mean, that's what I went by.

THE COURT: Well, is that still your verdict?

JUROR BEARD: Yes, I voted.

THE COURT: And you knew what you were doing?

JUROR BEARD: I knew what I was doing, but in my heart I really had some doubts.

THE COURT: Well, you could have some doubts and still—in other words, there is nothing in the law that says beyond all doubt. It was what was referred to in the Charge as reasonable doubt. So if that is your verdict ...

JUROR BEARD: Yes.

THE COURT: Call the next juror, please.

The next five jurors were polled without incident. The eighth juror, however, also expressed doubt:

THE CLERK: Patricia A. Mayo.

THE COURT: Was that your verdict?

JUROR MAYO: Yes.

THE COURT: Was it freely and voluntarily entered into by you?

JUROR MAYO: With doubt, but freely and voluntarily.

THE COURT: Is it still your verdict?

JUROR MAYO: Yes.

The remaining four jurors acknowledged the verdict as their own without comment. At the end of the poll, the court returned to the first juror:

THE COURT: Call the first juror.

THE CLERK: Julia B. Leverett.

THE COURT: You raised your hand a minute ago, when I was questioning one of the other jurors. Did you understand the question that I propounded to you originally?

JUROR LEVERETT: No sir, I'm sorry I didn't understand you.

THE COURT: I will go over it again. Was that your verdict?

JUROR LEVERETT: Yes.

THE COURT: Was it freely and voluntarily entered into by you?

JUROR LEVERETT: Yes sir.

THE COURT: Is it still your verdict?

JUROR LEVERETT: Yes sir.

Counsel for Scruggs moved for a mistrial. The trial court denied the motion, noting that the jury had continued to stand by its verdict and that "reasonable doubt does not mean all doubt."

Scruggs appealed his conviction, arguing among other things that the verdict was not unanimous and that the trial court had coerced the jurors into voting in open court. The Court of Appeals of Georgia ruled that the jurors had clearly agreed to the verdict, and that even reluctant agreement is sufficient. *Scruggs v. State*, 181 Ga.App. 55, 351 S.E.2d 256, 258 (1986). The court also found no error in the trial judge's conduct of the poll, *Id.* 351 S.E.2d at 257, and the judgment was affirmed.

Scruggs initiated the present action by petitioning the district court for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that he had been convicted without due process in violation of the fourteenth amendment. The petition sought relief based upon the same grounds that Scruggs had urged on appeal: that the verdict was not unanimous and that it was the result of coercion. The case was referred to a magistrate. Finding the record complete and an evidentiary hearing unnecessary, the magistrate issued a report recommending that the petition be granted. The magistrate concluded that (1) Georgia's guarantee of a unanimous verdict is safeguarded by the constitution, (2) the jury's verdict was not unanimous (citing *Edwards*), and (3) the judge's questions improperly invaded the jury's deliberations by effectively forcing jurors to vote in open court (citing *Edwards* and *Sexton*). The state filed objections to the magistrate's findings, but the district court adopted the magistrate's report and granted the writ. The state now appeals.

## II. APPLICABILITY OF *EDWARDS* AND *SEXTON*

The court below found the jury poll in this case similar in key ways to those in

*Edwards* and *Sexton*. As a result, it felt bound by precedent to order a new trial, as had been done in those cases. The state contends that the district court's reliance on *Edwards* and *Sexton* was misplaced because both involved interpretations of Rule 31(d) of the Federal Rules of Criminal Procedure ("Rule 31(d)"), not the due process clause of the fourteenth amendment. We agree; neither decision is controlling in this case.

 In order to have his state conviction set aside under 28 U.S.C. § 2254, the petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A state court does not violate federal law merely because it does not follow federal rules of procedure. By their own terms, the Federal Rules of Criminal Procedure only apply to federal courts. Fed.R.Crim.P. 1, 54(a). Indeed, the Supreme Court's authority to promulgate rules of procedure is limited to proceedings in federal court. 18 U.S.C. §§ 3771, 3772. The Court has no such supervisory power over state court proceedings. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Neither *Sexton* nor *Edwards* involved petitions for habeas corpus. Both were direct appeals from criminal trials in federal court, where federal rules of procedure governed. Each case was decided based upon Rule 31(d).[2] In *Sexton*, the Court of Appeals quoted Rule 31(d) in full at the outset of its ruling and cited the rule three times thereafter. 456 F.2d at 966–67. The court did not mention any other provision of law. *Id.* In particular, the court did not cite the Constitution or refer to "due process."

In *Edwards*, the court also cited Rule 31(d) at the start, quoted it in full, and detailed the purposes served by the rule. 469 F.2d at 1366–67. Immediately after quoting Rule 31(d), the court declared that

it was following the holding of *Sexton*. This is further evidence that both decisions were based on an interpretation of the Federal Rules of Criminal Procedure.

Scruggs contends that a single sentence in *Edwards* shows that both it and *Sexton* established a constitutional standard:

> In *United States v. Sexton*, 456 F.2d 961 (5th Cir.1972), this court held that forcing a juror to state his verdict in the presence of the court, without further deliberation with other jurors, amounts to coercion and denies a defendant due process.

*Edwards*, 469 F.2d at 1367. This sentence plainly misstates the holding in *Sexton*. It erroneously suggests that the *Sexton* court found a violation of due process. As we have already observed, there is absolutely nothing in *Sexton* to suggest a constitutional basis for the court's decision. We conclude that the lone reference in *Edwards* to due process was merely inadvertent. Reading *Edwards* and *Sexton* as a whole, it is clear that both cases were decided under Rule 31(d). As a result, neither decision sets the standard applicable to this habeas action by a state prisoner.

### III. DUE PROCESS

The district court mistakenly relied on Rule 31(d) cases to find a violation of due process, but that does not necessarily mean that no violation of due process occurred. Due process requires that state criminal prosecutions be fundamentally fair. Applying this standard, we turn now to the two issues presented by Scrugg's petition: whether the trial judge coerced jurors into voting guilty, and whether the jury unanimously found Scruggs guilty beyond a reasonable doubt.

#### A. *Coercion*

 A trial by jury is fundamental to the American scheme of justice and is an

---

**2.** Subdivision (d) provides:

**(d) Poll of Jury.** When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is

not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged.

Fed.R.Crim.P. 31(d).

essential element of due process. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). A trial judge's efforts to coerce reluctant jurors into delivering a verdict may sufficiently invade the province of the jury so as to deny the defendant fundamental fairness. Here, however, the trial judge did not speak to the jurors until after they had reached a verdict through private deliberations. All twelve jurors voted for conviction during those deliberations, as the jury poll clearly indicates. Scruggs does not argue, and the record does not suggest, that any juror was coerced in the jury room or even was coerced into acknowledging that she had previously voted to convict.

Instead, Scruggs contends that during the poll the trial judge coerced jurors Beard and Mayo into reaffirming their votes after they had expressed doubts. We find little or nothing coercive in the questions asked by the trial court. Juror Beard was the only person questioned at length. The judge asked her two leading questions, but they led in different directions: first, "In other words, you're saying that is not your verdict?," and later, "So if that is your verdict...." Even if we assume that coercion at this stage in proceedings could render the trial fundamentally unfair, we conclude that the judge's questioning in this case was not sufficiently coercive to violate due process. *Cf. Edwards*, 469 F.2d 1362 (finding coercion under Fed.R.Crim.P. 31(d)); *Sexton*, 456 F.2d 961 (same).

## B. *Reasonable Doubt*

■ Scruggs contends that the verdict against him was not unanimous because two jurors, jurors Beard and Mayo, stated that they had doubts. Although the Constitution does not guarantee state defendants the right to a unanimous jury verdict, *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) (upholding felony verdicts of 11-1 and 10-2), it does require that criminal charges be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 361-62, 90 S.Ct. 1068, 1070-72, 25 L.Ed.2d 368 (1970). When a juror states during a jury poll that he voted with reasonable doubt, that vote is invalid.

*Sincox v. United States*, 571 F.2d 876, 877-79 (5th Cir.1978).

■ When juror Beard stated during the polling of the jury that the verdict was her verdict, but that she had "some doubts," the trial judge gave her an explanation of the appropriate law—i.e., that the standard is beyond a reasonable doubt, not beyond all doubt. With that explanation, she readily affirmed that the verdict was her verdict. The most plausible interpretation of juror Beard's answers is that while she had some doubt, she was persuaded beyond a reasonable doubt. The trial judge, explicitly applying the correct standard, so found. In a habeas corpus proceeding, the burden is on petitioner to establish a constitutional violation. *Hill v. Linahan*, 697 F.2d 1032, 1036 (11th Cir.1983). With respect to juror Beard, Scruggs has failed to meet his burden of proof.

■ Scruggs makes the same argument with respect to juror Mayo. Juror Mayo stated affirmatively that the verdict was her verdict, but when asked whether it was freely and voluntarily entered, she responded that it was freely and voluntarily entered, but "with doubt." The argument has greater force with respect to Mayo because the trial judge did not repeat to her the explanation previously given to juror Beard. However, it is apparent from the record that the polling was conducted with all jurors present. Thus, it is obvious that juror Mayo also heard the explanation previously given to juror Beard. The most plausible interpretation is that juror Mayo understood the previous colloquy with Beard and the charge to the jury, and that juror Mayo, like Beard, had some doubt but not a reasonable doubt. The trial judge, who clearly understood the correct standard, so found. We conclude that Scruggs has failed to meet his burden of proving a constitutional violation with respect to juror Mayo.

For the foregoing reasons, the judgment of the district court is

REVERSED.