A03A0935. BENEFIELD v. THE STATE.
(591 SE2d 404)

MIKELL, Judge.

Walter Clifford Benefield, who was convicted of three counts of aggravated child molestation and one count of child molestation, appeals the denial of his motion for new trial. Benefield asserts four errors: (1) the trial court erred as a matter of law by entering the verdict without the jury's unanimous agreement; (2) the trial court's entry of the verdict violated his due process rights; (3) trial counsel's failure to object to the verdict constituted ineffective assistance of counsel; and (4) the prosecutor engaged in prosecutorial misconduct by failing to call the court's attention to the lack of unanimity of the

---

verdict. "When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review."[1] Finding no error, we affirm.

The undisputed facts show that after the jury published the guilty verdict, but before sentencing, Benefield asked the court to poll the jury. The court asked each juror two questions: "was that your verdict" and "is it now your verdict." At issue here is the court's colloquy with the last juror:

> Court: Was that your verdict?
> A: No.
> Court: Is it now your verdict?
> A: Yes.
> Court: All right. For your information, if any of you had said that it was not your verdict that was published or it is not your verdict now, what I would have done would have [sic] sent you back to the jury room and let you deliberate again.

No objections were raised. The court then sentenced Benefield to ten years to serve and ten years on probation.

Benefield filed a motion for new trial, arguing that an error of law occurred during the jury poll and challenging the sufficiency of the evidence, which was denied. Benefield appealed in Case No. A02A2478, raising, for the first time, the argument that trial counsel was ineffective. We remanded the case for an evidentiary hearing on that issue, and the trial court found that Benefield's trial counsel's failure to object after the juror's negative response did not constitute ineffective assistance of counsel. During the hearing, Benefield's trial counsel testified that he did not hear the juror's negative response, but the prosecutor and the court reporter both indicated that they heard it. In its order, the trial court found that neither trial counsel nor the trial court heard the juror's response to the first question. Furthermore, the court stated, since the juror's reply to the second question was "yes," the verdict was unanimous.

1. In criminal cases, the privilege of polling a jury is a legal right; it is not dependent upon the discretion of the trial court.[2] "There is no uniformity in, nor statutory authority for, polling a jury although it is a material right derived from common law."[3] However,

In *Black v. Thornton*, 31 Ga. 641, 661 (1860) it was held that

---

[1] (Citation and footnote omitted.) *Epps v. Hin*, 255 Ga. App. 370, 371 (565 SE2d 577) (2002).

[2] *Maddox v. State*, 233 Ga. 874, 876 (2) (213 SE2d 654) (1975).

[3] *Green v. State*, 246 Ga. 598, 605 (17) (272 SE2d 475) (1980), citing *White v. Seaboard Coast Line R. Co.*, 139 Ga. App. 833, 835 (1) (229 SE2d 775) (1976). See *Wilson v. State*, 93 Ga. App. 375, 377 (2) (91 SE2d 854) (1956).

the better question in polling would be "Is that, or is it not, your verdict?" In *Campbell & Jones v. Murray*, 62 Ga. 86, 87 (7) (1878) the court approved the question "Did you consent to that verdict, and do you now consent?" and further held that a verdict must be set aside where a juror, on being polled in the courtroom, states that he agreed to the verdict in the jury room but does not think it exactly right, the court stating: "When one or more of the jurors cannot face the parties and the public with the finding, there should be further deliberation."[4]

As the polling procedure has evolved, Georgia courts have found that the minimum requirements of the defendant's right to poll are satisfied when the court poses two questions: (1) was that your verdict?; and (2) is it your verdict now?[5] "The requirement is that a juror agree to a verdict."[6] In this case, both questions were asked, and the juror replied "no" to the first question, and "yes" to the second, satisfying the requirement that she face the parties and the public with her finding.[7] The trial court then instructed the jury that further deliberation would have been necessary had any of them replied that the published verdict was not their verdict. On Benefield's motion for new trial, the trial court concluded that "[a]ny ambiguity in [the juror's] response was removed when the Court asked the juror 'Is that your verdict now?' and she responded with 'Yes.'" We agree.

In *Larry v. State*,[8] a juror replied "yes" to the first question and "no" to the second. After further deliberations, the jury later returned a unanimous verdict.[9] Our Supreme Court found that the earlier voiced reservations did not prevent the final verdict from being unanimous.[10] In *Scruggs v. State*,[11] after indicating that the verdict was not her verdict, one juror raised her hand at the end of the poll and explained that she had not understood the trial court's question, then affirmed her verdict. Two other jurors explained that they had some doubts about the verdict, but still affirmed that it was their verdict. We held that "these jurors clearly agreed to the verdict, and even reluctant agreement is sufficient."[12] In this case, particularly in light

---

[4] *White*, supra at 836 (1).

[5] *Burnett v. State*, 240 Ga. 681, 688-689 (11) (242 SE2d 79) (1978). See also *Gray v. State*, 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980).

[6] (Citation and punctuation omitted.) *Terry v. State*, 224 Ga. App. 157, 161 (5) (480 SE2d 193) (1996).

[7] *White*, supra.

[8] 266 Ga. 284 (466 SE2d 850) (1996).

[9] Id. at 287 (5).

[10] Id.

[11] 181 Ga. App. 55 (351 SE2d 256) (1986).

[12] (Citation and punctuation omitted.) Id. at 56 (1).

of the judge's instructions after the jury poll, we agree with the trial court that the juror in question agreed to the verdict and conclude that her answer to the second question cured any ambiguity that may have been caused by her negative response to the first. Thus, the entry of the unanimous verdict did not violate Benefield's due process right, as he asserts in his third enumerated error.

2. Benefield also argues that trial counsel was ineffective for failing to object to the verdict and that the prosecutor, who heard the juror's negative response to the first question, engaged in prosecutorial misconduct by failing to alert the court to the response. In light of our decision in Division 1 that the verdict was unanimous, we cannot find that trial counsel was ineffective for failing to object to the verdict or that the prosecutor engaged in prosecutorial misconduct by failing to inform the court of the juror's response to the first question.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 18, 2003 —
RECONSIDERATION DENIED DECEMBER 3, 2003 — 

*Bret E. Rudeseal, Barry V. Smith*, for appellant.

*Bryant G. Speed II, District Attorney, Charles S. Cox, Assistant District Attorney*, for appellee.