## 55550. D. C. v. STATE OF GEORGIA.

QUILLIAN, Presiding Judge.

Appeal was taken to this court from a judgment finding the juvenile defendant to be delinquent. *Held:*

1. The first enumeration of error is: "The transcript of this case was not taken by a certified court reporter nor prepared by a certified court reporter, nor is it certified by a certified court reporter."

In *K. E. S. v. State of Ga.,* 134 Ga. App. 843, 849 (4) (216 SE2d 670) we held that Code Ann. § 24A-1801 (b) (Ga. L. 1971, pp. 709, 729; 1974, pp. 1126, 1130) mandates that a hearing before a juvenile court be recorded. Code Ann. § 24A-1801 (b) provides: "Unless waived by the juvenile and his parent, guardian or attorney, the proceedings shall be recorded by stenographic notes or by electronic,

mechanical, or other appropriate means."

There is a transcript in this case and the statute contains no requirement with regard to a certified court reporter. Hence, this enumeration of error is meritless.

2. It is contended that the court erred by failing to dismiss the delinquency petition for failure to present the petition within the time prescribed by Code Ann. § 24A-1404 (b) (Ga. L. 1971, pp. 709, 725; 1977, pp. 1237, 1242, eff. Dec. 31, 1977). That section reads: "If he is released and the case is to be further prosecuted other than by informal adjustment, a petition under section 24A-1603 shall be made and presented to the court within 30 days."

The delinquent act was alleged to have been committed on May 18, 1977, while the petition was filed August 23, 1977.

Code Ann. § 24A-1404 (b) has no application unless a juvenile is taken into custody (see Code Ann. § 24A-1301; Ga. L. 1971, pp. 709, 722; 1976, pp. 1066, 1069), not released under Code Ann. § 24A-1402 (a) (1) (Ga. L. 1971, pp. 709, 723, pp. 882, 885), but instead brought before the juvenile court or delivered to a detention or shelter care facility designated by the court (Code Ann. § 24A-1402 (a) (2)) and then released after an investigation under Code § 24A-1404 (a).

There is nothing to show here that the juvenile was brought before the court or delivered to a detention or shelter care facility and then released. Hence, insofar as the record reveals there was no basis for application of the 30 day time requirement of Code Ann. § 24A-1404 (b) to the instant petition. It was not error to overrule the motion to dismiss the petition.

3. The remaining enumerations of error are addressed to the sufficiency of the evidence. It is urged that during a colloquy between the juvenile court judge and counsel for defendant, the judge indicated he did not find the necessary intent to show the offense of criminal trespass and further that the judge ruled because he disliked defense counsel.

The evidence was sufficient to authorize the judgment rendered. While the judge may have made inappropiate comments during the colloquy, we are not prepared to find the ruling was the result of bias or

prejudice.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED MARCH 7, 1978 — DECIDED APRIL 19, 1978 — REHEARING DENIED MAY 9, 1978 — CERT. APPLIED FOR.

*Randall M. Clark,* for appellant.
*Glenn Thomas, Jr., District Attorney, John P. Rivers, Assistant District Attorney,* for appellee.