75881. IN THE INTEREST OF J. D. M.
(369 SE2d 920)

McMURRAY, Presiding Judge.

At 12:50 a.m. on November 8, 1986, J. D. M., who was then 16 years of age, was taken into custody upon the allegations of his having committed the delinquent acts of "hunting from a public road" (two incidents) and also the delinquent act of "hunting deer at night with aid of a light." J. D. M. was released at 2:15 that morning, after an $800 bond was posted.

On January 8, 1987, a petition was filed in the Juvenile Court of Paulding County alleging J. D. M. committed the delinquent acts of "hunting upon or discharging weapons across a public road," "hunting at night" and "killing of birds and animals from boats, aircraft, and motor vehicles." J. D. M. filed a motion to dismiss the petition alleging delinquency, arguing that his "arrest" and detention were illegal and that the petition alleging delinquency was untimely filed. This motion was denied and the juvenile court judge adopted the juvenile court referee's order, which provided, in pertinent part, as follows: "The above-named child [J. D. M.] came before the Referee on February 18, 1987 on a petition alleging the child to be delinquent. Present with the child was the child's parents . . . and the child's attorney. . . .

"The child was advised as to his right to counsel, to remain silent, to a hearing before the Judge and was further advised as to the allegations as stated in the petition. The child was given an opportunity to enter an admission or denial to the allegations against the

child.

"The child under advice of his attorney, made an admission to the allegations of delinquency of hunting at night and discharging a weapon across a public road, waived contested hearing, and requested dispositional hearing at that time. The allegation of killing an animal from a motor vehicle was dismissed.

"Upon the child's admission to the allegations, evidence was heard thereon as to the voluntariness of the admission and as to the particulars of the act upon which the allegations of delinquency were based. After hearing evidence of a clear and convincing nature thereon, it was found that said child and the matter are within the jurisdiction of the Court and that the child was in fact delinquent in that he committed the offenses to which he admitted. It was further found, after clear and convincing evidence, that said child is in need of supervision, treatment and rehabilitation. . . .

"It is recommended that said child be placed on probation for a period of one (1) year in the custody of his parents . . . and the supervision of the Court Service Worker under such terms and conditions as normally prescribed by the Court for probation and on the special conditions: (1) That said child pay a fine in the amount of $150.00; (2) That the child enroll in a GED program promptly or have his driver's license suspended." It is from this order that J. D. M. appeals. *Held*:

1. It is first argued that J. D. M.'s adjudication of delinquency was made without "proof beyond a reasonable doubt."

An examination of the transcript of the adjudication hearing shows that J. D. M. admitted to committing two of the acts charged in the delinquency petition, explaining in detail the events surrounding his apprehension. It is undisputed that J. D. M.'s admissions were voluntary and that he was aware of the consequences of his admissions. See William W. Daniel's, Ga. Criminal Trial Practice (1986 ed.) § 16-3. Under these circumstances, we find no basis to consider this enumeration of error.[1]

2. Next, it is argued that the juvenile court erred in failing to dismiss the petition alleging delinquency because of the "improper arrest and detention of [J. D. M.]" and because the petition was not filed within the time prescribed by OCGA § 15-11-21 (b).

(a) First, we address the argument relating to J. D. M.'s "arrest

---

[1] Allegations of delinquent acts must be proved beyond a reasonable doubt. OCGA § 15-11-33 (c); *M. W. W. v. State,* 136 Ga. App. 472, 474 (221 SE2d 669). However, a finding at the dispositional hearing that the delinquent child is in need of treatment or rehabilitation must be by "clear and convincing" evidence. OCGA § 15-11-33 (b). See Liston, Ga. Parent & Child, § 12-22. See OCGA § 15-11-32 for option of juvenile court if the charges of delinquency are admitted.

and detention."

"A child may be taken into custody . . . [b]y a law enforcement officer or duly authorized officer of the court if there are reasonable grounds to believe that the child has committed a delinquent act. . . ." OCGA § 15-11-17 (a) (3). "A child taken into custody shall not be detained . . . prior to the hearing on the petition unless . . . [h]e has no parent, guardian, or custodian or other person able to provide supervision and care for him and return him to the court when required . . ." OCGA § 15-11-18 (3). "A person taking a child into custody, with all reasonable speed and without first taking the child elsewhere, shall . . . . [f]orthwith release without bond the child to his parents, guardian, or other custodian upon their promise to bring the child before the court when requested by the court . . . ." OCGA § 15-11-19 (a) (1).

J. D. M. was taken into custody by a law enforcement officer after he was observed committing a delinquent act, detained for less than two hours and released after an $800 bond was posted for his release. Contrary to the contentions of J. D. M.'s brief, there is nothing in the record to indicate that J. D. M.'s parents appeared at the time of his detention and release in order to invoke the provisions of OCGA §§ 15-11-18 (3) and 15-11-19 (a) (1). Consequently, J. D. M.'s "arrest and detention" were not in violation of the Juvenile Court Code. Notwithstanding, it is argued that the petition should have been dismissed because an $800 bond was required to be posted for J. D. M.'s release. We do not agree.

Assuming J. D. M.'s parents appeared for his release and that the release or continued detention provisions of OCGA § 15-11-19 were not followed, we find nothing in the Juvenile Court Code requiring dismissal of the petition as a result thereof. Further, this court has held certain provisions of OCGA § 15-11-19 to be directory and, where no injury appears to have resulted, technical violations of this Code section will not render infirm evidence obtained as a result of such violations. See *Paxton v. State*, 159 Ga. App. 175, 177 (1), 178 (282 SE2d 912), and *Barnes v. State*, 178 Ga. App. 205, 206 (2), 207 (342 SE2d 388). Similarly, since there has been no showing that J. D. M. was prejudiced as a result of his alleged illegal "arrest and detention . . .," the court did not err in failing to dismiss the petition on these grounds. See *Thompson v. State*, 175 Ga. App. 645, 648 (3) (334 SE2d 312), where this court held that " 'the illegality of an arrest neither bars prosecution or affects a conviction.' " William W. Daniel's, Ga. Criminal Trial Practice (1986 ed.) § 2-24, p. 32.

(b) With regard to the contention that the juvenile court erred in failing to dismiss the petition for failure to present the petition within the time prescribed by OCGA § 15-11-21 (b), we note that this Code sub-section provides that "[i]f a child is . . . released[, pursuant to

OCGA § 15-11-21 (a),] and the case is to be prosecuted further other than by informal adjustment, a petition under Code Section 15-11-25 shall be made and presented to the court within 30 days."

"Code Ann. § 24A-1404 (b) [now OCGA § 15-11-21 (b)] has no application unless a juvenile is taken into custody (see Code Ann. § 24A-1301 [now OCGA § 15-11-17]; Ga. L. 1971, pp. 709, 722; 1976, pp. 1066, 1069), not released under Code Ann. § 24A-1402 (a) (1) [now OCGA § 15-11-19 (a) (1)] (Ga. L. 1971, pp. 709, 723, pp. 882, 885), but instead brought before the juvenile court or delivered to a detention or shelter care facility designated by the court (Code Ann. § 24A-1402 (a) (2) [now OCGA § 15-11-19 (a) (2)]) and then released after an investigation under Code § 24A-1404 (a) [now OCGA § 15-11-21 (a)]." *D. C. v. State of Ga.*, 145 Ga. App. 868, 869 (2) (245 SE2d 26). In the case sub judice, there is nothing in the record to indicate that J. D. M. was brought before the juvenile court or delivered to a detention or shelter care facility and then released pursuant to OCGA § 15-11-21 (a). Consequently, there was no basis for application of the 30-day time requirement of OCGA § 15-11-21 (b). The juvenile court did not err in overruling the motion to dismiss the petition.

3. In the third enumeration of error, it is argued that the juvenile court erred in placing J. D. M. on probation for a period of one year.

OCGA § 15-11-35 (a) (2) provides, in pertinent part, that the juvenile court may place a juvenile found to be delinquent "on probation under conditions and limitations the court prescribes. . . ." Although this Code section does not provide a time limitation on the probationary period, OCGA § 15-11-41 (d) provides, in pertinent part, as follows: "Except as otherwise provided by law, any other order of disposition in a proceeding involving delinquency . . . continues in force for not more than two years." Further, OCGA § 15-11-41 (f) provides, in pertinent part, that "when the child reaches 21 years of age all orders affecting him then in force terminate and he is discharged from further obligation or control." The one-year probationary period imposed by the juvenile court in the case sub judice does not appear to extend beyond the limitation periods provided in these Code sections. Consequently, the juvenile court was authorized to order J. D. M. to serve on probation for a period of one year "in the custody of his parents."

4. In the final enumeration of error, it is contended that the juvenile court erred in imposing a $150 fine upon J. D. M.

"There is no statutory authority authorizing a juvenile court to impose a monetary fine on a minor adjudged to be delinquent." *E. P. v. State of Ga.*, 130 Ga. App. 512 (3) (203 SE2d 757). Consequently, that part of the order imposing a $150 fine is erroneous and must be deleted. The judgment of the juvenile court is affirmed with direction that the $150 fine be deleted.

*Judgment affirmed with direction. Pope and Benham, JJ., concur.*

DECIDED MAY 31, 1988.

*Robert A. Kunz*, for appellant.
*William A. Foster III, District Attorney*, for appellee.