A95A1524. IN THE INTEREST OF J. J. H. IV, a child.
(462 SE2d 449)

POPE, Presiding Judge.

On November 25, 1994, a citation issued against J. J. H. charging him with reckless driving; a petition was subsequently filed in juvenile court charging him with the same offense. J. J. H. was found

guilty and appeals.

Construing the evidence with all inferences and presumptions in favor of upholding the findings of the trier of fact, see *In the Interest of M. J. F.*, 191 Ga. App. 792 (1) (383 SE2d 173) (1989), on November 25, 1994, Officer Holmes of the West Point Police Department stopped J. J. H. pursuant to a report from a Mr. Crook that J. J. H. was driving recklessly. Crook testified that J. J. H. passed him in a no-passing zone going about 65-70 mph. Crook observed J. J. H. driving around a blind curve at the top of a hill as another car was approaching and stated that J. J. H. was forced to swerve to avoid an accident. Accordingly, Crook called the police and reported his observations. Although Crook had worked for nine years in the West Point police department, on the incident date he was the city superintendent of streets and was not certified as an officer.

Officer Holmes testified that he drew up the citation, and later the petition against J. J. H., based on the facts Crook told him. There was no evidence that any officer observed J. J. H. driving recklessly.

At the hearing, J. J. H. admitted that he exceeded the speed limit to pass Crook's vehicle. J. J. H. stated that by the time he pulled around Crook's vehicle, there was "200, less than 300 feet, maybe about 257 [feet distance from the vehicle] coming from the opposite direction."

In his sole enumeration of error, J. J. H. argues that because Holmes did not witness the traffic violation or have the relevant information related to him by a law enforcement officer observing the violation, Holmes did not have the authority under OCGA § 17-4-23 (a) to issue the traffic citation and that the citation was void ab initio.

OCGA § 17-4-23 (a) provides in pertinent part: "A law enforcement officer may arrest a person accused of violating any law or ordinance governing the operation . . . of motor vehicles by the issuance of a citation, provided the offense *is committed in his presence or information constituting a basis for arrest concerning the operation of a motor vehicle was received by the arresting officer from a law enforcement officer observing the offense being committed.*" (Emphasis supplied.)

It is undisputed that no officer observed the offense, and therefore, this statute does not control the instant matter. The question becomes whether reversal is mandated, as J. J. H. argues, because the citation failed to conform to the statute.

Given the instant facts, the failure to follow the provisions of OCGA § 17-4-23 (a) does not mandate reversal. Here, a petition was filed against J. J. H. in juvenile court, and thus, the court proceeded on the petition and not on the citation. See generally *Thompson v. State*, 175 Ga. App. 645, 648 (3) (334 SE2d 312) (1985); *State v.*

*Doyal*, 184 Ga. App. 126 (361 SE2d 17) (1987); compare OCGA § 40-13-1. Until the petition issued, the citation was "merely a means of . . . informing defendant of the charge, and advising him when and where to appear in court." *Thompson*, 175 Ga. App. at 648.

J. J. H. does not argue that he was illegally arrested.[1] Nonetheless, we are mindful that "[e]ven if the arrest had been unlawfully accomplished, it would not here be grounds for quashing the [petition]." *Thompson*, 175 Ga. App. at 648; see also *In the Interest of J. D. M.*, 187 Ga. App. 285 (2) (369 SE2d 920) (1988).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 19, 1995.

*W. Luther Jones*, for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Albert W. Holmes, Assistant District Attorneys*, for appellee.

---

[1] For a general discussion, see *Brock v. State*, 196 Ga. App. 605 (1) (396 SE2d 785) (1990).