A95A1978. MORRIS v. THE STATE.
(469 SE2d 848)

RUFFIN, Judge.

Robert Morris was convicted of aggravated assault and driving under the influence of alcohol in connection with an automobile collision. The evidence shows that Morris ran the victim's car off the road after she flashed her high beams at him in response to his reckless driving. Morris appeals from the judgment of conviction and sentence and the denial of his motion for new trial on the grounds that his trial counsel was ineffective and that the trial court erred in sentencing him despite determining he was intoxicated in court. For reasons which follow, we affirm.

1. Morris contends his trial counsel was ineffective because she failed to investigate, interview and subpoena the victim's passenger. Morris argues that because he did not testify at trial, the passenger's testimony, as one of only three eyewitnesses to the accident, was critical to his defense. Although trial counsel did not interview the passenger, she testified at the hearing on Morris's motion for new trial that she reviewed his taped preliminary hearing testimony and that her notes reflected that the passenger merely stated that he did not "know if defendant acted deliberately, [it] could have been an accident."

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [Cit.] Here, [Morris] must overcome the strong presumption

that defense counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.] 'To establish ineffective assistance of counsel, (a defendant) must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. (Cits.)' The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. [Cit.]" *Jones v. State*, 217 Ga. App. 722, 723-724 (2) (458 SE2d 894) (1995).

At the hearing on Morris's motion for new trial, his trial counsel testified that she did not interview the passenger because she relied on notes contained in the State's file which indicated that his whereabouts were unknown. Counsel stated that she did not independently seek to locate the passenger because she "didn't feel the need to duplicate [the District Attorney's] efforts in looking for him." The prosecutor testified that his efforts to locate the passenger included calling the passenger at the telephone number listed in the State's file, sending a subpoena to his last known address, and speaking with the victim regarding his whereabouts. He also stated that the victim told him that the passenger had moved and that she had neither heard from him nor knew where he had gone. In addition, the prosecutor indicated that he documented his attempts to locate the passenger in the file.

Under the circumstances of this case, we cannot say that trial counsel's reliance on the State's efforts to locate the passenger was unreasonable. Morris argues that counsel's performance was deficient because she failed to locate the passenger by independent means such as using an investigator or exhausting all of the methods set forth in his appellate brief. However, Morris did not locate the passenger by any of these means nor did he demonstrate that any of the methods were likely to succeed. Furthermore, Morris has not demonstrated that the outcome of the trial would have been different if the passenger had testified.

" 'It is rank speculation to suggest that it is reasonably probable that [the passenger's testimony, as recorded by trial counsel, or other testimony from the passenger] would have resulted in [Morris's] acquittal.' [Cit.]" *Randall v. State*, 207 Ga. App. 637, 641 (3) (428 SE2d 616) (1993). Moreover, as opinion testimony of a legal conclusion, it is unlikely the testimony would have been admitted at trial. See *Nichols v. State*, 177 Ga. App. 689, 692 (2) (340 SE2d 654) (1986).

2. Morris also contends he was denied effective assistance of counsel because his trial counsel failed to inform the court of his condition when she detected the smell of alcohol each morning of the trial and suspected he had been drinking. Morris argues that the trial court should have been informed of his condition and acknowledges that such action might have resulted in the revocation of his bond or

contempt proceedings. Morris also argues that counsel's knowledge of his condition influenced her decision not to permit him to testify at trial.

Counsel testified that she detected the smell of alcohol about Morris, that his eyes appeared "glassy," that she believed that he had been drinking, but that she concluded he was not "overly impaired" because he was not unsteady, "ranting or raving," or slurring his speech. She also stated that Morris denied drinking prior to appearing in court, claiming that the smell was from the night before. Counsel testified that his condition did not influence her decision because prior to trial, she had already decided that she did not want him to testify. She indicated that, drunk or sober, she was opposed to Morris testifying because she believed he would not make a good impression on the court. Counsel based her opinion on Morris's admission that he did not remember the accident and her impression that he was smug and arrogant and would give the jury the impression that he was the kind of person who might become angered while driving and run someone off the road, especially if he had been drinking. She also acknowledged that Morris wanted to testify, but stated that they ultimately agreed that he would not. Counsel also testified that if they had not agreed, Morris's choice would have prevailed, and she would have entered into the record a statement indicating that he was testifying against advice of counsel.

Morris has not cited any evidence which demonstrates that he was impaired at trial and therefore unable to participate in his own defense such that counsel should have so informed the trial court. See generally *Jackson v. State*, 180 Ga. App. 774 (1) (350 SE2d 484) (1986). In fact, the evidence shows the contrary. The evidence also shows that counsel's decisions were strategic and that the conduct of which Morris complains was within the range of reasonable professional conduct. *Hutson v. State*, 216 Ga. App. 100 (10) (453 SE2d 130) (1995); *Jones*, supra.

The foregoing demonstrates that Morris did not satisfy his burden of showing in either of the preceding enumerations of error that the trial court was clearly erroneous in finding that he was not denied effective assistance of counsel.

3. Finally, Morris contends the trial court erred in sentencing him despite determining that his blood alcohol level was .06 percent at the sentencing hearing. However, the notice of appeal reveals that Morris did not direct the clerk below to transmit the transcript of the sentencing hearing as a part of the appellate record. "[A]bsent a transcript, this court can only presume that [the sentencing hearing] was conducted in a regular and proper manner. When an appellant seeks to prove error in the trial proceedings, the burden is on him to produce a transcript of the allegedly erroneous matter. Thus, we con-

clude that the trial court did not abuse its discretion in [sentencing Morris]." (Citations and punctuation omitted.) *Powell v. State*, 198 Ga. App. 509, 512 (2) (402 SE2d 108) (1991).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 13, 1996.

*Manning & Leipold, Calvin A. Leipold, Jr.,* for appellant.

*J. Tom Morgan, District Attorney, Richard S. Moultrie, Jr., Robert M. Coker, Assistant District Attorneys,* for appellee.