A97A0352. IN THE INTEREST OF J. L. P., a child.
(486 SE2d 387)

ELDRIDGE, Judge.

A complaint was filed in the Juvenile Court of Newton County on January 2, 1996, charging appellant, J. L. P., a child, with four delinquent acts which occurred on December 31, 1995, in Newton County: auto theft; theft by taking; entering an auto; and escape from detention. Appellant had been placed with Project Adventure, Inc. in Newton County, as his legal custodian; Project Adventure, Inc. was also the victim of the delinquent acts. Appellant, who lived in Bleckley County with his mother, was apprehended in Terrell County for hit and run on December 31, 1995. Thereafter, he was detained in Albany Regional Youth Development Center (RYDC) in Dougherty County.

A petition was filed on January 23, 1996, with the Juvenile Court of Newton County on these charges, styled as case no. 96J00013. In petition no. 96J00014, appellant was charged with a simple assault which had occurred on November 3, 1995; in petition no. 96J00015, he was charged with two counts of simple assault which had occurred on November 2, 1995; these additional petitions were also filed on January 23, 1996. A summons and a notice for an adjudicatory hearing were issued on the same day, January 23, 1996 and addressed to appellant at the Albany RYDC for a hearing set for February 5, 1996 which was more than ten days but less than sixty days after the petition was filed; however, no production order or detainer order was ever filed or served on the Albany RYDC com-

manding appellant's detention and transportation to Newton County at that time. No hearing was held on that date, apparently because appellant had not been brought there.

The Juvenile Court of Newton County issued an order directed to the Albany RYDC and dated February 27, 1996, which stated that appellant was "not being held for Newton County and [appellant] may be released in that this Court does not have a hold on [him]." The order was faxed to the Albany RYDC. On February 28, 1996, the Juvenile Court of Newton County issued another order directing that appellant be "held at the Gwinnett RYDC pending a 72 [hour detention] hearing to be held on Monday, March 4, 1996, at 10:00 a.m., at the Juvenile Court of Newton County," which order was faxed to the Albany and Gwinnett RYDCs. On March 4, 1996, a detention order issued and a hearing was set for March 11, 1996; appellant was ordered detained as an escape risk. On March 7, 1996, the Juvenile Court of Newton County received a report from the Juvenile Court of Terrell County setting out the delinquent acts which had occurred in that county on December 31, 1995, i.e., driving without a license and leaving the scene of an accident.

The March 11, 1996 hearing was continued by appellant's counsel due to a death in her family. A continuance and detention order dated March 11, 1996 reset the hearing until March 25, 1996. The prosecution obtained a continuance on March 25, 1996, upon a legal showing that a material witness was subpoenaed in two cases in the Superior Court of Terrell County, and, by order, the hearing was continued until April 1, 1996.

On June 24, 1996, the Juvenile Court of Newton County dismissed petitions 107-96J00014 and 00015 against appellant. On April 1, 1996, the Juvenile Court of Newton County entered another detention order that appellant continue to be held in the Gwinnett RYDC.

On March 4, 1996, defense counsel filed a motion to dismiss the petition against appellant for failure to conduct a 72 hour detention hearing pursuant to OCGA § 15-11-21. A hearing on the petition was scheduled for March 11, 1996, but was continued twice as described. The hearing on the petition was finally conducted on July 8, 1996; appellant was found delinquent on all four acts and was transferred to the Juvenile Court of Bleckley County for disposition under OCGA § 15-11-16 (b). After the disposition hearing, appellant was committed to the Department of Children & Youth Services. Appellant then filed his notice of appeal.

Also before the court was appellant's previous juvenile history, which included the following information: the Juvenile Court of Bleckley County found appellant delinquent on August 12, 1993, for an April 29, 1993 battery in which appellant struck another child in

the head with a rock, causing substantial bodily injury; on February 22, 1994, a petition of delinquency for shoplifting on February 19, 1994 was filed against appellant; on March 28, 1994, appellant was placed on probation for such offense; on November 14, 1994, a petition was filed against appellant for theft of a motor vehicle on November 1, 1994, and violation of probation for which appellant was ordered detained on November 3, 1994; on April 21, 1995, the Juvenile Court of Bleckley County placed appellant on probation; on May 12, 1995, a petition was filed against appellant for burglary and criminal damage to property on April 26, 1995; on May 12, 1995, a petition was filed against appellant for two counts of child molesting; on June 28, 1995, the Juvenile Court of Bleckley County adjudicated appellant guilty of criminal trespass, criminal damage to property in the second degree, and sexual battery, and the court ordered appellant committed to the Georgia Department of Children & Youth Services.

No transcript of any of the hearings was filed. No motion to dismiss for failure to timely hold the adjudicatory hearing under OCGA § 15-11-26 (a) was ever filed or ruled upon by the trial court, and there is no transcript showing that an oral motion was made and ruled upon.

1. Appellant's first enumeration of error is that a detention hearing was not held within 72 hours of his being taken into custody, as mandated by OCGA § 15-11-21.

The Terrell County Sheriff's Department took appellant into custody for a hit and run accident and driving without a license; the deputies also learned that appellant had escaped from custody in Newton County, where he had stolen the vehicle which was wrecked. OCGA § 15-11-17 (a) (3) provides that a law enforcement officer can take a child into custody if there are reasonable grounds to believe that the child has committed a delinquent act. See *In re J. D. M.*, 187 Ga. App. 285, 287 (2) (369 SE2d 920) (1988). Appellant had previously been adjudicated as delinquent in 1995; custody had been given to the Department of Children & Youth Services, which, in turn, had placed him in the custody of Project Adventure, Inc., from which appellant had escaped. Clearly, then, appellant was in the *custody* of the Department of Children & Youth Services both at Project Adventure, Inc. and the Albany RYDC, and not in detention pursuant to any action by the Juvenile Court of Newton County until the order of February 28, 1996, which ordered detention for Newton County, as well as production for a detention hearing.

Custody of appellant was taken from the family by the June 28, 1995 order of the Juvenile Court of Bleckley County and was placed in the Department of Children & Youth Services; the Department had custody and control over appellant at all times subsequent.

Appellant could not be released to his parents under OCGA §§ 15-11-18 (3) and 15-11-19 (a) (1) because of the prior adjudication and custody order, as well as appellant's extensive juvenile delinquency record; thus, appellant simply remained in the custody of the Department of Children & Youth Services, and not in detention pursuant to the statute.

In sum, and as a legal matter of custody, appellant was in the physical custody of the Department of Children & Youth Services prior to his escape and after his return to its custody at the Albany RYDC; thus, technically, appellant was not being detained within the meaning of OCGA §§ 15-11-17; 15-11-18; 15-11-18.1; or 15-11-19, because the Department of Children & Youth Services had been given custody of appellant by the Juvenile Court of Bleckley County on June 28, 1995. Appellant did not, as his argument suggests, suddenly become eligible for release from Department custody because he had escaped and had been recaptured; appellant's subsequent return to Department custody, where he was supposed to be all along, was not transformed into "informal detention" pursuant to OCGA § 15-11-21 (c) so as to require a hearing within 72 hours after his recapture. The Department simply continued to exercise custody in holding appellant in its facility in the Albany RYDC. See *In re J. D. M.*, supra at 288. Accordingly, there was no error pursuant to OCGA § 15-11-21 (c).

Further, absent a transcript of the proceedings on March 4, 1996, it must be presumed that the detention hearing was conducted correctly under OCGA § 15-11-21. See *Morris v. State*, 220 Ga. App. 633, 636 (469 SE2d 848) (1996); *Powell v. State*, 198 Ga. App. 509, 512 (402 SE2d 108) (1991). The petition had previously been filed on January 23, 1996, satisfying OCGA § 15-11-21 (e) in conformity with OCGA § 15-11-25.

2. The second enumeration of error was that the adjudication hearing was not scheduled within ten days of the filing of the petition as required under OCGA § 15-11-26 (a).

*In the Interest of R. D. F.*, 266 Ga. 294 (1) (466 SE2d 572) (1996), held that OCGA § 15-11-26 (a) only requires that the adjudicatory hearing be scheduled during the applicable time limit and that it may be continued for legal cause or within the juvenile judge's sound discretion. It also held that the failure to object timely, have a ruling, and preserve a record of such ruling was fatal to a claim of error under OCGA § 15-11-26 (a). "In the absence of a transcript, appellee has failed to establish that OCGA § 15-11-26 (a) was violated. See *Irvin v. Dept. of Human Resources*, 159 Ga. App. 101 (1) (282 SE2d 664) (1981). Therefore, dismissal of the delinquency petition was error." *In the Interest of R. D. F.*, supra at 297.

Having failed to preserve the enumeration of error for appeal, it

164

is denied.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur in the judgment only.*

DECIDED APRIL 10, 1997.

 Before Judge West, pro hac vice. ·

*Celia Larsen*, for appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.