695 S.E.2d 352 (2010)
In the Interest of D.W., a child.
In the Interest of J.T., a child.
In the Interest of L.W., a child.
Nos. A10A0178, A10A0179, A10A0180.
Court of Appeals of Georgia.
May 11, 2010.
*353 Jared L. Roberts, for appellant.
Richard E. Currie, District Attorney, Katherine L. Peters, Assistant District Attorney, for appellee.
DOYLE, Judge.
A Coffee County juvenile court adjudicated D.W., a 16-year-old boy, J.T., a 14-year-old boy, and L.W., a 12-year-old boy,[1] (collectively "the defendants") delinquent for committing the offense of prowling.[2] On appeal, the defendants challenge the sufficiency of the evidence and contend that the juvenile court erred by not dismissing the delinquency petitions for failure to comply with OCGA § 15-11-49. For the reasons that follow, we affirm.
On appeal from a delinquency adjudication, we view the evidence in a light most favorable to support the juvenile court's findings and judgment. Moreover, the juvenile court resolves conflicts in the evidence, and this Court reviews only the sufficiency and not the weight of the evidence.[3]
So viewed, the evidence presented to the juvenile court shows that during the early morning hours of January 5, 2009, Douglas Police Officer Jack Cliett, who was in a marked patrol car and wearing his uniform, received a complaint of disorderly conduct. Officer Cliett was investigating the complaint when he witnessed the defendants behind a Dollar General Store, which was closed at the time. Upon seeing the patrol car, the defendants fled to a wooded area behind the store and continued to flee even after Officer Cliett exited his car and told them to stop. After the officer repeated his instructions to stop, the defendants obeyed and got on the ground. The defendants' only explanation for their presence behind the closed establishment was that they were "out messing around."
1. The defendants argue that the evidence presented was not sufficient to support the juvenile court's delinquency determinations.
Pursuant to OCGA § 16-11-36,
[a] A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. ... Among the circumstances which may be considered in determining whether alarm is warranted is the fact that the person takes flight upon the appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object....[4]
Here, Officer Cliett's testimony that the defendants were present behind a closed retail establishment at approximately 4:00 a.m. and that they attempted to flee into a wooded area behind the store upon seeing his patrol car is sufficient to support the juvenile court's delinquency adjudications for prowling.
Nevertheless, the defendants contend that the State failed to establish that Officer Cliett inquired about their reasons for being in that area, which they contend is required by the statute. OCGA § 16-11-36(b) states that
... [u]nless flight by the person or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting *354 the person to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Code section if the law enforcement officer failed to comply with the foregoing procedure or if it appears at trial that the explanation given by the person was true and would have dispelled the alarm or immediate concern.
The State asked Officer Cliett whether the defendants "explain[ed] to you at any point why they would be around Dollar General that early in the morning," to which Officer Cliett responded that the defendants told him "they were spending the night in somebody else's house[,] and they were just out messing around." Although Officer Cliett did not testify that he specifically asked them about their presence in order to fulfill the statutory requirement of OCGA § 16-11-36(b), his testimony reveals that he elicited the information, and the statute does not require a specific litany on the part of the arresting officer upon stopping an individual suspected of prowling. Moreover, based on the testimony presented, the juvenile court was entitled to conclude that the defendants' explanation for their presence in the area was not sufficient to dispel the officer's immediate concern for the safety of property or persons upon finding the defendants in the area at that time of night.[5]
2. Next, citing OCGA § 15-11-49, the defendants argue that the trial court erred by refusing to dismiss their delinquency petitions because they were not filed within 30 days of the date the defendants were released from police custody. We disagree.
OCGA § 15-11-49(a) provides that "[i]f a child is brought before the court or delivered to a detention or shelter care facility designated by the court, the intake or other authorized officer of the court shall immediately make an investigation and release the child...." Furthermore, under subsection (b), "[i]f a child is so released and the case is to be prosecuted further other than by informal adjustment, a petition under Code Section 15-11-38.1 shall be made and presented to the court within 30 days."
We discern no error on the part of the juvenile court. As this Court previously has determined, the provisions of OCGA § 15-11-49(b) apply only to cases in which a juvenile has been taken before the juvenile court or has been delivered to a shelter care facility or detention center and is thereafter released prior to the filing of a petition.[6] Nothing in the record indicates that the defendants were taken before the juvenile court or taken to a shelter care facility or detention center at the time that the police officer detained them for prowling, and therefore, OCGA § 15-11-49(b)'s 30-day requirement did not apply to the delinquency petitions in these cases. The defendants in this case were taken to a police station prior to their release, but as this Court explained in In the Interest of C.W.,[7] such an act constitutes an "imperfect" release of the defendants and does not constitute a detention for purposes of this Code section. Although the defendants attempt to distinguish that case on the basis of "exigent circumstances" surrounding C.W.'s delinquent acts, this Court's analysis in that case turned on whether transporting the youth to the police station before releasing him to his mother constituted detention for purposes of triggering the 30-day requirement, and this Court determined it did not.[8] Accordingly, we see no reason to depart from the holding of In the Interest of *355 C.W., and thus, there was no error on the part of the juvenile court in denying the defendants' motions to dismiss the petitions on this basis.
Judgments affirmed.
ANDREWS, P.J., and ELLINGTON, J., concur.
NOTES
[1] We have consolidated these cases for the purposes of appeal. A fourth individual was charged with the defendants, but his case is not a part of this appeal.
[2] OCGA § 16-11-36(a).
[3] (Footnote omitted.) In the Interest of R.F., 279 Ga.App. 708, 708, 632 S.E.2d 452 (2006).
[4] See also In the Interest of R.F., 279 Ga.App. at 711(2)(a), 632 S.E.2d 452. OCGA § 16-11-36(a), (b).
[5] See In the Interest of R.F., 279 Ga.App. at 711(2)(a), 632 S.E.2d 452 (officer's "testimony that he encountered the juveniles at 1:30 a.m., that they could not explain their presence [on the side of the roadway by a disabled car], that they did not have identification, and that they gave conflicting stories about the owner of the vehicle was sufficient" to support the delinquency adjudications for prowling); O'Hara v. State, 241 Ga.App. 855, 857(1), 528 S.E.2d 296 (2000) (based on the defendant's "flight combined with his peculiar behavior and appearance," the jury was entitled to conclude that the defendant's behavior was not usual for law-abiding individuals under circumstances that warranted reasonable alarm).
[6] See In the Interest of C.W., 227 Ga.App. 763, 764-766(1), 490 S.E.2d 442 (1997); In the Interest of J.D.M., 187 Ga.App. 285, 287-288(2)(b), 369 S.E.2d 920 (1988); D.C. v. State, 145 Ga. App. 868, 869(2), 245 S.E.2d 26 (1978).
[7] 227 Ga.App. at 766(1), 490 S.E.2d 442.
[8] See id. at 765-766(1), 490 S.E.2d 442.